## CLARK v. TOWNSHIP OF WEST BLOOMFIELD.

TOWNSHIPS—IMPLIED CONTRACTS—ATTORNEYS—SERVICES—RECOVERY.

Attorneys were not entitled to recover against a township for services, as upon an implied contract, where, notwithstanding the services were successfully directed to maintaining the township's position in certain litigation in which the citizens had an interest, and were rendered in the belief in good faith that an express contract existed with the township, no contract in fact existed, and the township, neither by the body of its citizens, nor by its officers, had knowledge that the attorneys looked to the township for their pay.

Error to Oakland; Smith, J. Submitted June 16, 1908. (Docket No. 23.) Decided September 15, 1908.

Assumpsit by Joseph H. Clark, Arthur Jones, and William G. Bryant, copartners as Clark, Jones & Bryant, against the township of West Bloomfield for services rendered. There was judgment for defendant, and plaintiffs bring error. Affirmed.

*Clark, Jones & Bryant*, for appellants.

*Arthur R. Tripp*, for appellee.

OSTRANDER, J. Defendant instituted litigation to enforce against a successor or assignee of the grantee, certain provisions of a franchise granted by the township to an electric railway company. These provisions related to fares and to the condition of the cars. The real parties in interest were those citizens of the township affected by the alleged failures of the company to comply with the franchise requirements. A committee of citizens acted with the town board in the investigation, and one or more meetings of citizens with the town board preceded the filing, in the circuit court, of a petition for the writ of man-

damus. Plaintiffs were consulted by some of the interested citizens of the township, and gave an opinion, addressed to one of those citizens. Later, they were called upon by the township clerk, one other member of the township board, and by Mr. Lillis, afterwards the attorney of record in the proceedings, and an afternoon was spent in going over the facts. To this party the terms of employment of plaintiffs were given. Whether the proceeding would be begun had not been determined. Plaintiffs were to be informed whether their services would be required. Learning that it had been determined to institute proceedings, one of the plaintiffs inquired of Mr. Lillis whether they (plaintiffs) were retained in the matter. For plaintiffs the testimony is that Mr. Lillis replied, in substance, that they were retained—that he was authorized to employ them, and would send the paper or papers over for inspection. He did, within a day or two, send over a petition for a writ of mandamus, which was examined and revised by plaintiffs, and returned to Mr. Lillis. The petition was indorsed by Lillis with his own name and the names of plaintiffs before filing. Thereafter, and this is undisputed, plaintiffs and Mr. Lillis worked together in the case, Mr. Jones, of plaintiffs' firm, framing the issues of fact, which were approved and tried by jury, examining witnesses, and arguing the case upon the facts and the law. The testimony of Mr. Lillis is that his reply to the inquiry was that he supposed they (plaintiffs) were in the case. If Mr. Lillis had authority to employ counsel, it would seem that the differences in the testimony upon this matter were not enough to make an issue of fact. No complaint, however, is made of the charge upon this subject. Mr. Lillis says he did suppose plaintiffs had been employed, but he denies having employed them, or having received authority to employ them. Plaintiffs' bill was presented to the township board. Payment was refused, upon the ground that the township had not employed them or authorized their em-

ployment. This suit is brought to recover for the services rendered.

It is the theory of the plaintiffs that Mr. Lillis was expressly authorized by the township board to employ counsel to assist him, and that he employed them upon the terms made known to him; that, in any event, the township, with knowledge, received and appropriated their services in a successful litigation, and are bound to pay the reasonable value of such services. There was testimony to support a finding that Mr. Lillis had authority to employ counsel. Whether he had such authority, and whether he did, in fact, employ plaintiffs, were questions submitted to the jury, as was also the question of ratification of the employment by the township. Upon this last question the charge was favorable to plaintiffs, the court saying to the jury:

" If all the members of that board did in truth and in fact know that somebody had employed them, or that Mr. Lillis had employed them, supposing he had authority, and that they knew that these plaintiffs expected to hold the township liable, and took no action whatever to disabuse the minds of the plaintiffs, then perhaps the township might be liable, and, while I am not so very clear about that, I give the plaintiffs the benefit of it."

Whether reversible error is assigned depends upon whether the township can be held liable as upon an implied contract to pay plaintiffs the reasonable value of their services. It is the contention of plaintiffs that the case made is within the rule of *Central Bitulithic Paving Co.* v. *City of Mt. Clemens,* 143 Mich. 259. Plaintiffs' services were, in fact, in the interest of the township, because they were successfully directed to maintaining its position in the litigation. That they were rendered in good faith, in the belief, on the part of plaintiffs, that they were performing an express contract with the township, is, upon this record, a conclusion supported by competent testimony and not denied. Assuming, as the jury has found, that no such contract existed, the testimony

entirely fails to show that the township, either by its officers or by the body of its citizens, was chargeable with notice that plaintiffs looked to the township for their pay. It is made entirely clear that citizens had an interest, and were urging that action be begun by the township. Some of these citizens had recommended the employment of plaintiffs. The township board employed Mr. Lillis and Mr. F. A. Baker. It appears that not all of the members of the township board knew that plaintiffs were taking any part in the court proceedings, and no considerable number of citizens were cognizant of that fact. An implication binding the municipality cannot be raised upon mere conduct of the plaintiffs of which the municipal officers had no knowledge, although it turned out that such conduct was in the interest of, and, in fact, of value to, the township and its citizens. The facts do not bring the case within the rule of the decision relied upon.

The judgment is affirmed.

MONTGOMERY, HOOKER, MOORE, and MCALVAY, JJ., concurred.