POWERS *v.* COUNTY OF CALHOUN.

1. APPEAL AND ERROR—TRIAL BY COURT—FINDINGS OF FACT.
   Upon error to a judgment that was rendered by the court, acting without a jury, the findings of fact must be accepted as conclusive if there was evidence to support them.

2. ATTORNEY AND CLIENT—COUNTIES—FEES—CONTRACTS.
   Findings that plaintiff, an attorney, was requested by the prosecuting attorney of Calhoun county to assist him in a mandamus proceeding instituted against the board of supervisors, and was advised that the prosecutor would approve his bill, if it was reasonable, that the chairman of the board and one other member were informed that plaintiff was acting, but the board have the right to pass upon the claim for services, in the absence of any finding that the court authorized or approved that appointment, or that the board or prosecuting attorney employed plaintiff, justified a judgment for defendant county.

Case-made from Calhoun; North, J. Submitted October 11, 1912. (Docket No. 48.) Decided November 8, 1912.

Walter S. Powers presented to the board of supervisors of Calhoun county a claim for services rendered as attor-

ney and counsel.    It was disallowed and plaintiff appealed
to the circuit court.    Judgment for defendant.    Plaintiff
brings case-made.    Affirmed.

*J. M. Powers*, for appellant.

*R. H. Kirschman*, Prosecuting Attorney, and *Edward
R. Loud*, Assistant Prosecuting Attorney, for appellee.

OSTRANDER, J.    In April, 1911, the supervisors of Cal-
houn county met to canvass the vote cast for and against
local option in the county.    It adjourned without repeal-
ing the prohibition resolution, which for two years had
been in force in the county.    Legal proceedings were in-
stituted to compel them to reconvene and repeal the said
resolution.    The circuit court for the county of Calhoun,
upon the petition of interested parties, in mandamus pro-
ceedings, issued its order directing them to show cause
why they should not meet, and declare that local option, so
called, had been defeated at the said 1911 election.    The
supervisors, as a board, answered, and, after a hearing,
the court made its order that the writ prayed for should
issue.    The supervisors then sued out of the Supreme
Court a writ of certiorari to review the action of the cir-
cuit court; the affidavit therefor being made by the chair-
man of the board.    The writ of certiorari issued and the
determination of the circuit court was affirmed.    Plaintiff
assisted the prosecuting attorney of Calhoun county in
such proceedings in the circuit court and in this court.
He gave his assistance upon the request of the prosecuting
attorney, who advised him that he would O. K. a reason-
able bill for his services, and who expected, as he later
testified, that the supervisors would take his (the prose-
cuting attorney's) advice and pay the bill.    Upon present-
ing his bill, the amount of which is not questioned, the
board of supervisors refused to allow it.    Plaintiff there-
upon appealed to the circuit court for Calhoun county,
and that court, after a hearing, at which testimony was
introduced, declined to allow the claim.    The court made

a finding in the form of an opinion, and plaintiff proposed a finding amendatory thereof.

The finding proposed by plaintiff we set out, with the rulings of the circuit judge thereon:

## "PROPOSED FINDINGS.

"(1) I find as a fact that, before the services were rendered by the plaintiff, the prosecuting attorney for said county of Calhoun said to the plaintiff that, if he would assist him in the case of the *Battle Creek Brewing Company* v. *Board of Supervisors of Calhoun County*, he, the said prosecuting attorney, would O. K. the plaintiff's bill for such services to said board of supervisors, and that said prosecuting attorney did O. K. said bill after the services were rendered and before the bill was presented to the board of supervisors, viz., on the 16th day of June, 1911.

"(2) I find as a fact that the plaintiff assented to that arrangement and said to the prosecuting attorney, in substance, that such arrangement would be satisfactory.

"(3) I find as a fact that the services charged for in this cause were rendered by the plaintiff in pursuance of such arrangement with the prosecuting attorney.

"(4) I find as a fact that the circuit court for the county of Calhoun made an order directing the board of supervisors of said county to show cause before said court why a mandamus should not issue directing said board to reconvene and repeal the local-option resolution then on the records of said county of Calhoun, and that the claim of the plaintiff in this cause grew out of said litigation for legal services rendered in said litigation.

"(5) I further find that said board of supervisors did show cause by an answer signed, 'Calhoun County Board of Supervisors, by Robt. H. Kirschmann, Prosecuting Attorney, W. S. Powers, of Counsel.'

"(6) I further find as a fact that, when the hearing was called in the circuit court on said order to show cause, the prosecuting attorney for said county said to the court, in substance, that he desired the court to recognize the plaintiff as his assistant on said hearing; that plaintiff took charge of the case, interrogated all of the witnesses that were sworn on said hearing; that plaintiff made an argument to the court at the close of the testimony taken; that said plaintiff was recognized by the court as requested by the prosecuting attorney.

"(7) I further find as a fact that the petition to the Supreme Court for a writ of certiorari to review the decision of the lower court was made by Ralph Doolittle as chairman of the board of supervisors of said county, signed and sworn to by him, and that such petition at the time it was signed and sworn to contained the name of Robt. H. Kirschman, prosecuting attorney, and W. S. Powers, of counsel.

"(8) I find as a fact that all the papers in the circuit court and Supreme Court on behalf of the respondent, board of supervisors, in said litigation, contained the name of Robt. H. Kirschman, prosecuting attorney, and the plaintiff as counsel, and that said papers contained the name of no other attorneys.

"(9) I find as a fact that when the petition to the Supreme Court for said writ of certiorari was signed and sworn to by the chairman of said board, Ralph Doolittle, the plaintiff's name was signed to said petition as counsel, and that said Doolittle was told, in substance, that a bill would probably be presented to the county for the services of the plaintiff as attorney in said cause.

"(10) I find as a fact that the following bill was presented to said board of supervisors at its October, 1911, session, certified to by Robt. H. Kirschman, prosecuting attorney for said county, disallowed by said board, after plaintiff presented evidence of the claim; that the plaintiff appealed from said decision, and that said claim is the basis of plaintiff's claim in this suit; that it was admitted on the trial of this cause that said prosecuting attorney signed and certified said bill after the services were all rendered.

"'COUNTY OF CALHOUN.

"'In account with W. S. Powers, Dr.

"'1911.

"'To services rendered as attorney in the Local-Option cases before the Board of Supervisors in the Circuit Court and in the Supreme Court from the 10th day of April to the 27th, 1911, $200.00.

"'To expenses to Lansing on said case, $2.28.

"'I hereby certify that the above services were rendered by W. S. Powers, and the charges therefor are reasonable in amount and proper to be paid by said county of Calhoun.

"ROBERT H. KIRSCHMAN,

"Prosecuting Attorney.'

"And I also find as a fact that the amount claimed by

172 MICH.—43.

plaintiff, viz., $202.28, is a reasonable charge, and that plaintiff's services rendered in the circuit and Supreme Courts in said litigation was worth the amount claimed.

"(11) I further find as a fact that several attorneys were sworn on this trial and testified that plaintiff's services were worth from $500 to $800, and that no testimony was offered to contradict such evidence."

"PROPOSED FINDINGS OF LAW.

"(1) I find, as a matter of law, that the prosecuting attorney had a legal right to employ the plaintiff to assist him in the trial of the case of the *Battle Creek Brewing Company* v. *Board of Supervisors of Calhoun County*, and that such charges would constitute a proper charge against the county.

"(2) I find, as a matter of law, that when the prosecuting attorney said to the plaintiff, if he would assist in the trial of the case, he, the prosecuting attorney, would O. K. the bill before the board of supervisors and the plaintiff assented and performed the services, that would constitute a binding agreement on the county, and the plaintiff would be entitled to recover what his services were reasonably worth.

"(3) If the services were rendered by the plaintiff with the knowledge and consent of the prosecuting attorney upon the statement that the bill would be O. K.'d by the prosecuting attorney to the board of supervisors, that would constitute a binding agreement, and the county would be liable for plaintiff's services.

" (4) It being admitted that the plaintiff performed the services and paid out the money for and claimed in this case in the above-mentioned litigation, and that such services were necessary and the charges therefor reasonable, that such services were performed in connection with the prosecuting attorney, both in the circuit and Supreme Courts, that the prosecuting attorney advised with and accompanied the plaintiff to Lansing to procure the writ of certiorari, that the name of the plaintiff was on all the papers in the case, wherever the prosecuting attorney's name appeared as counsel, and it was known to the chairman of the board of supervisors that the plaintiff's name so appeared, and said chairman was informed that there would probably be a bill presented to said board of supervisors for the service of plaintiff, I find as a matter of law

that such facts would be sufficient to authorize the plaintiff to recover $202.28.

"(5) The services charged for and money paid out by the plaintiff having been done with the knowledge of the prosecuting attorney and in connection with him as his assistant in the case, and the said defendant having received the benefit of such services and money paid out, the law will imply a contract to pay, and I find, as a matter of law, that the plaintiff can recover what such services were reasonably worth.

"(6) I find that, under the law as it now stands, the defendant is placed on the same basis as an individual respecting claims against a county, and if services were performed and money paid out by plaintiff, and accepted by the defendant, the law will imply a contract to pay, and plaintiff can recover what his services were reasonably worth in this case, which would be $202.28."

"BY THE COURT.

"Since the finding of the court was filed in the above-entitled cause, the plaintiff has submitted for hearing a motion for amended findings of fact and law. Counsel for the respective parties have been heard relative to these amended findings, and, after due consideration of the same, I make the following disposition thereof:

"First. I find as I am requested in the proposed finding of fact No. 1, with this modification, that the expression 'assist him' should be understood in the light of testimony given by Mr. Kirschman as follows:

"'I said [speaking to the plaintiff] that I thought I had no authority to engage any one to assist me in the preparation of that case or whatever it was we were working on at that time.'

"Also:

"'There was something said about the board of supervisors paying the bill, and I tried to make it clear to Mr. Powers that the extent of my power was to O. K. the bill, and would do what I could to see that the bill was properly paid, and I certified to that effect on his behalf.

"'Q. Did you ever tell Mr. Powers or the board of supervisors that it [Mr. Powers' bill] was a legal claim against the county, or that you had the legal authority to employ Mr. Powers to perform the services that he did?

"'A. No.

"'Q. Didn't you say to him [Mr. Powers] that if he would assist you that you would O. K. his bill to the board of supervisors?

"'A. I said I would O. K. the bill for him.

"'Q. You understood at the time that you agreed to O. K. that bill you were engaging Mr. Powers to assist you on behalf of the county or board of supervisors, did you not?

"'A. No, sir; I did not.

"'Q. Did you expect that he [Mr. Powers] would receive his compensation from the county, if he received any?

"'A. I expected that they would take my advice and pay him, and I think now they are morally bound to pay the bill.

"' Q. Is there anything further?

"'A. I would like to say, if I may, that, when the question of the O. K. was mentioned in Mr. Powers' office, I said in substance that I would O. K. Mr. Powers' bill. He was doing work on the case at that time.'

"I find as I am requested in the plaintiff's proposed amendment to the findings of fact Nos. 2, 3, 4, and 5, and I find as requested in proposed finding No. 6, except that the evidence does not show with any degree of certainty what the exact words were which were used by the prosecuting attorney, that is, whether he referred to Mr. Powers, as 'his assistant,' or as Mr. Kirschman testifies which was as follows:

"'I arose and addressed the court in substance that Mr. Powers appeared with my consent.'

"And—

"' I think he [the plaintiff] said he represented the prosecuting attorney, or words to that effect. I cannot give the precise language that he used.'

"I find the facts established as set forth in the plaintiff's proposed amendment findings of fact Nos. 7, 8, and 9, with this modification to No. 9, which appeared in the testimony of Mr. L. E. Stewart:

"' I told Mr. Doolittle that Mr. Powers undoubtedly would render a bill to Calhoun county for his services in the case, that he was acting as attorney for the board; that my understanding was that the board of supervisors are authorized to allow or disallow the bill which was true at the time I was prosecuting attorney, and that was my opinion at the time, and Mr. Miller assured them of the same thing.'

"I also find facts established as set forth in the proposed amendment findings of facts Nos. 10 and 11.

"PROPOSED AMENDMENT OF FINDINGS OF LAW.

"I do not find any of the proposed amendments to the findings of law to be true propositions of law, these proposed findings being Nos. 1, 2, 3, 4, 5, and 6. But, on the contrary, I find that none of the legal propositions contained in these proposed findings of law are true as matters of law."

Exceptions were filed by plaintiff to all adverse findings, of both fact and law.

The findings of fact must be accepted in this court as conclusive if there was evidence tending to sustain them. The ultimate fact that plaintiff was employed by the prosecuting attorney is not found. What is found is that there was a qualified employment of plaintiff so far as any intention to bind the county or the board of supervisors is concerned. There is testimony tending to sustain this finding. It is not found that the board of supervisors employed plaintiff, or knew that he was acting for them. The chairman of the board, and perhaps one other member, did know that he was acting and would probably present a bill for services, but the chairman was also informed (but not in the presence or to the knowledge of plaintiff) that it was for the board to decide whether, if the demand was presented, it should be paid. It is not found that the court, upon the application of the prosecuting attorney, or otherwise, authorized or approved the appointment or hiring of plaintiff.

Questions are raised and discussed in the brief for appellant which we think are not presented by the record. One of these questions is whether, under the Constitution of 1909, art. 8, § 9, and Act No. 58, Pub. Acts 1909 (1 How. Stat. [2d Ed.] § 1012 *et seq.*), as amended, counties may be held liable as an individual would be to pay for goods furnished to it and services performed for it. Another is whether the prosecuting attorney had authority to employ counsel, and bind the county to pay for his services. Whether he had or did not have such authority, it is found that he did not assume to exercise it.

He expressly disclaimed it.   Nor does the record present the case of one performing services for the county to the knowledge of its managing officers without any arrangement or understanding concerning compensation.

There was an arrangement made with the prosecuting attorney.   There was an understanding on the part of such of the managing officers of the county as are shown to have known that plaintiff was rendering services that the board of supervisors were at liberty to pay or not to pay, as they might thereafter conclude to do.   That plaintiff was not informed of such an understanding is of no importance.   He must establish either the express or legally implied obligation of the county to pay him.   He has not established an express agreement and the facts conclusively negative the necessary implication.   *Clark v. Township of West Bloomfield*, 154 Mich. 249 (117 N. W. 638).

The judgment is affirmed.

MOORE, C. J., and STEERE, McALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.