EXETER TOWNSHIP CLERK v EXETER TOWNSHIP BOARD

Docket No. 54236. Submitted June 12, 1981, at Detroit.—Decided July 28, 1981.

Margaret M. Bruck, clerk for Exeter Township in Monroe County, was presented with three nominating petitions for a township office three days before the date she had to certify the sufficiency of such petitions for the August 1980 primary. Bruck, having a question concerning the sufficiency of the petitions, sought the advice of the township attorney. The township attorney refused to provide counsel without prior approval of the entire township board. Because of the time constraints, Bruck secured private counsel and, upon the advice of said private counsel, declared the three nominating petitions to be legally insufficient. Those persons whose nominating petitions were declared to be legally insufficient brought an action for mandamus against Bruck in her official capacity. The township board refused to authorize payment for the legal fees incurred by Bruck with respect to the legal advice relative to the sufficiency of the nominating petitions and refused to provide legal representation to Bruck in the then-pending mandamus action. Bruck, through the services of private counsel, defended herself in the mandamus action in circuit court and, upon the circuit court issuing a writ of mandamus against her, appealed to the Court of Appeals, which held that she properly refused to certify the nominating petitions. *Koslosky v Exeter Twp Clerk* (Docket No. 52730, unpublished order of August 1, 1980), *lv den* 409 Mich 895 (1980). Bruck sought in Monroe Circuit Court an order for a writ of mandamus against the members of the Exeter Township Board requiring that the board reimburse to her or indemnify her for the attorney fees she incurred in seeking counsel as to whether she should certify the petitions, in her defense of the circuit court manda-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 25 Am Jur 2d, Elections §§ 156, 170–173.

[2] 4 Am Jur 2d, Appeal and Error § 19.

[2–4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 279, 340.

63 Am Jur 2d, Public Officers and Employees § 308.

mus action against her in her official capacity, in her appeal of that mandamus action and in the present mandamus action. Daniel L. Sullivan, J., denied plaintiff's request for an order for a writ of mandamus relative to the reimbursement of attorney fees, finding that the board acted within its authority in denying reimbursement of such attorney fees. Plaintiff appeals. *Held:*

While generally the question of whether a township board will provide legal counsel to a township official being sued in his or her official capacity, will approve the retention of private counsel by such official, or will indemnify such official for such legal expenses incurred under such circumstances is a question addressed to the discretion of the township board, courts have held that a municipal corporation is liable for the legal expenses incurred by an official in his or her official capacity where such official demonstrates pressing necessity and emergency condition in matters of official public conern. It was an abuse of discretion under these circumstances for the township board to refuse to reimburse the township clerk for the legal expenses incurred by her arising out of the discharge of her statutory duty to investigate and certify the validity of nominating petitions for the township election. The township is liable for the reasonable legal expenses incurred by the township clerk in the performance of the statutory duties imposed upon her by the Michigan Election Law.

Reversed and remanded.

1. ELECTIONS — NOMINATING PETITIONS — TOWNSHIPS — TOWNSHIP CLERKS — STATUTES.

Township clerks, with respect to township elections, may on their own initiative commence an investigation to determine whether the signatures appearing on nominating petitions are valid and genuine and, upon completion of such investigation, shall make an official declaration of the sufficiency or insufficiency of any nominating petitions (MCL 168.347, 168.552; MSA 6.1347, 6.1552).

2. MUNICIPAL CORPORATIONS — TOWNSHIPS — SUITS AGAINST OFFICERS — INDEMNITY — LEGAL SERVICES — APPEALS — ABUSE OF DISCRETION.

A determination by a township board, with respect to a township official being sued in his or her official capacity, to provide the township attorney to represent such official, to approve the retention by such official of private counsel or to indemnify the official for expenses including attorney fees is within the

board's discretion; the exercise of such discretion is generally reviewable by the courts for abuse.

3. MUNICIPAL CORPORATIONS — MUNICIPAL OFFICIALS — LEGAL SERVICES.

   A municipal official, upon demonstrating pressing necessity or emergency conditions, may secure legal counsel in matters of official public concern without the consent of the governing body; and courts under such circumstances may hold the municipal corporation liable for such legal services.

4. MUNICIPAL CORPORATIONS — TOWNSHIPS — TOWNSHIP CLERKS — LEGAL SERVICES — INDEMNITY.

   It is an abuse of discretion for a township board to refuse to provide to a township clerk legal counsel or to indemnify the township clerk for legal expenses incurred by said clerk arising out of actions of the clerk's statutory duty to investigate and certify the validity of nominating petitions for a township election; the township is liable for reasonable legal expenses incurred by the township clerk in such actions.

*W. Thomas Graham,* for plaintiff.

*Ready, Sullivan & Ready,* for defendants.

Amicus Curiae:

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael J. Moquin,* Assistant Attorney General.

Before: D. C. RILEY, P.J., and CYNAR and H. R. GAGE,* JJ.

CYNAR, J. Plaintiff, clerk of Exeter Township in Monroe County, appeals by right from an order of the Monroe County Circuit Court which denied to her relief by way of mandamus for reimbursement of or indemnification for attorney fees for legal representation concerned with the validity of certain nominating petitions and for her defense of a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mandamus action brought by the candidates whose names were not placed on the ballot.

This appeal is submitted for our determination on a stipulation of facts. Plaintiff, while performing her duties as township clerk under the Michigan Election Law,[1] rejected three nominating petitions for township office in conjunction with the August 5, 1980, primary election. The plaintiff ruled the petitions were invalid and declined to certify them.[2] The petitions determined to be insufficient were filed on June 3, 1980, the last day for filing nominating petitions, three days prior to the June 6, 1980, deadline to certify the sufficiency of nominating petitions. The township attorney, upon request of the plaintiff concerning the validity of the petitions, declined to counsel and advise her without prior approval from the entire township board.

Thereafter, on June 5, 1980, plaintiff sought the legal advice of private counsel, who also is counsel for plaintiff in this action, with respect to the sufficiency of the petitions. Following consultation with private counsel, the petitions were declared legally insufficient on June 6, 1980.

Thereafter on June 16, 1980, the rejected petitioners filed a petition for writ of mandamus in the Monroe County Circuit Court (80-8125-PZ) against plaintiff in her official capacity as township clerk. On June 17, 1980, the township board met and refused to authorize payment, upon the clerk's request, for legal fees of private counsel

---

[1] MCL 168.347; MSA 6.1347, pertinently provides:

"Except as herein otherwise provided, the laws governing nomination petitions * * * shall, as near as may be, apply to primaries held under the provisions of this chapter [Ch 16]. * * * [A]nd all duties which, under the parts of this act relating to general elections or primary elections, devolve upon the county clerk, *shall be performed by the township clerk.*" (Emphasis supplied.)

[2] See MCL 168.349; MSA 6.1349, MCL 168.552; MSA 6.1552.

incurred with respect to advising her on the sufficiency of the rejected nomination petitions. Further, the township board also denied plaintiff's request for legal representation in the then-pending mandamus action in circuit court.

On July 15, 1980, after the filing of supplemental proceedings in the circuit court mandamus action, the township board again denied plaintiff's request for legal representation. On July 17, 1980, the circuit court issued its writ of mandamus against plaintiff, ordering plaintiff to certify the three nominating petitions which the plaintiff had determined to be legally insufficient. Thereafter, plaintiff filed an emergency appeal in the Court of Appeals on July 31, 1980.

In the case of *Koslosky v Exeter Twp Clerk,* Court of Appeals Docket No. 52730, order of August 1, 1980, *lv den* 409 Mich 895 (1980), this Court determined that it was proper for a township clerk to refuse certification of a township nominee's name to the county clerk when the nominating petition presented is dated *before* some of the signers. The Court of Appeals ruled that the certificate was invalid on its face as to those signatures. This Court went on to state that, after the statutory date for filing, the defect could not be cured with extrinsic evidence of good faith.

On July 17, 1980, plaintiff filed her complaint in the form of a petition for a writ of mandamus with a signed order to show cause against the defendants, members of the Exeter Township Board, under Monroe County Circuit File No. 80-8208-PZ. She sought an order for the reimbursement to or indemnification of her for her attorney fees in: a) her decision to not certify the nominating petitions, b) her defense in Monroe County Circuit Court file No. 80-8125-PZ, c) her appeal in Docket

No. 52730, d) her defense of the Supreme Court appeal in Docket No. 65577, and e) her action in lower court file no. 80-8208-PZ.

On September 30, 1980, after issuing its oral decision against plaintiff on September 17, 1980, the trial court in file No. 80-8208-PZ signed an order denying plaintiff's request for an order requiring defendants to reimburse or indemnify her for her attorney fees. The basis of the circuit court decision was that the township board acted within its authority in denying reimbursement.

The Michigan Election Law provides, in MCL 168.347; MSA 6.1347, that all duties relating to nominating petitions, to the conduct of primary elections, or to the conduct of general elections which ordinarily devolve upon the county clerk under the Michigan Election Law, MCL 168.1 *et seq.;* MSA 6.1001 *et seq.,* shall be performed by the township clerk for township elections. The mandate given a county clerk in MCL 168.552; MSA 6.1552, then, transfers to the township clerk. In that statute, MCL 168.552; MSA 6.1552, the state Legislature directed the function of the township clerk with regard to nominating petitions for township offices, as follows:

"* * * [The township clerk] on his own initiative, on receipt of the nominating petitions, shall have the right to examine same and if after examination he is in doubt as to the validity of the registration or genuineness of the signature of the circulator or persons signing or purporting to sign the petitions, the [township clerk] shall commence an investigation * * * to determine whether the signatures appearing on the petition are valid and genuine * * *. Upon the completion of the investigation or examination, the [township clerk] shall forthwith make an official declaration of the sufficiency or insufficiency of any nominating petitions

* * * of any nominating petitions which he has examined or investigated on his own initiative."

The Michigan Election Law provides for no other jurisdiction over the acceptance of township office nominating petitions. The township clerk is mandated by the Michigan Election Law to make an official declaration of the sufficiency or insufficiency of any nominating petitions which he has examined or investigated on his own initiative. MCL 168.552; MSA 6.1552.

The following statutes, MCL 41.2; MSA 5.2, MCL 41.661; MSA 5.47 and MCL 691.1408; MSA 3.996(108), are discretionary in nature and permit, rather than mandate, a township board to either hire a township attorney to represent the township entity as a whole or to pay for, engage, or furnish the services of an attorney to advise an officer charged criminally or sued in a civil action alleging negligence resulting in personal or property damage. There are no statutory guidelines demonstrating any legislative intent to answer the question of legal fee indemnification or reimbursement when a township clerk properly exercised a statutorily mandated function under the state election law.

While there are no Michigan cases directly on point, there are some cases which are helpful in considering the issue before us. The Michigan Supreme Court in the case of *Messmore v Kracht,* 172 Mich 120, 122; 137 NW 549 (1912), stated:

" 'It is within the discretionary power of a municipality to indemnify one of its officers against liability incurred by reason of any act done by him while in the bona fide discharge of his official duties, and the municipality has the right to employ counsel to defend the officer or to appropriate funds for the necessary expen-

ses incurred by him in such defense, or pay a judgment rendered against him.' "

Accord: OAG, 1975-1976, No 4947, pp 349-350 (March 23, 1976), 67 CJS, Officers, § 254, p 786, see *Clark v West Bloomfield Twp,* 154 Mich 249; 117 NW 638 (1908). *Cf. Sonnenberg v Farmington Twp,* 39 Mich App 446, 449; 197 NW2d 853 (1972).

Accordingly, a municipality, such as a township, in general possesses the discretion to determine whether (1) counsel for the township shall represent a township official sued in his or her capacity, (2) to approve retention of private counsel paid for by the township, (3) to indemnify the official for expenses incurred in defending the action, including attorneys fees, or (4) the township board may decline to provide legal representation or indemnification for such official. The exercise of discretion by a municipality is generally reviewable by the courts for abuse of discretion. See *Law Dep't Employees Union v City of Flint,* 64 Mich App 359; 235 NW2d 783 (1975). *Cf. Wendel v Swanberg,* 384 Mich 468, 475-476; 185 NW2d 348 (1971).

The duties performed by the plaintiff pursuant to the Michigan Election Law, were performed when time was of the essence. It may be noted that under the facts here present there was pressing necessity under the Michigan Election Law for the plaintiff to perform her statutory obligations in certifying the sufficiency of the petitions within three days of their receipt by her. Moreover, the township attorney declined to advise plaintiff without express approval of the township board, and, thereafter, the township board declined to provide legal representation to plaintiff in defense of her official actions.

Where it is factually demonstrated that pressing necessity or emergency conditions warrant a mu-

nicipal official in employing legal counsel in a matter of official, public concern and legal services are provided without consent of the governing body, the courts may hold a municipal corporation liable for such legal services. In *Smedley v Grand Haven,* 125 Mich 424; 84 NW 626 (1900), the Court held that it was a factual question for the jury whether the mayor of the City of Grand Haven was justified by emergency conditions in retaining private counsel without approval of the city council. In *Smedley, supra,* the mayor was represented by plaintiff attorney in certain actions filed against the city and city clerk. Further, the city attorney and half the membership of the city council had assumed legal positions antagonistic to the mayor.

In the case at hand, the plaintiff was statutorily required to determine, within three days, the sufficiency of the nominating petitions filed with her on June 3, 1980. Plaintiff's request for legal advice from the township attorney concerning the sufficiency of the petitions was rebuffed. Faced with the statutory deadline for certification of the nominating petitions, it was reasonable for plaintiff, under the pressing necessity of such deadline, to request advice of outside counsel where the township attorney refused to assist her in the performance of official duties.

Further, the township board rejected plaintiff's request for legal representation or indemnification for the legal expenses incurred with respect to the precedent mandamus action filed in the circuit court on June 16, 1980. On July 17, 1980, the circuit court in the precedent action ordered plaintiff to certify the previously rejected petitions and place them on the August 5, 1980, primary election ballot. Following plaintiff's emergency appeal to this Court, the circuit court was reversed and

plaintiff's official action in rejecting the nominating petitions was sustained.

The Michigan Supreme Court in *Smedley v Grand Haven, supra,* discussed at length and with approval opinions from the highest courts of New Jersey and Kentucky which had held that a municipal corporation must reimburse a public official for litigation expenses of private counsel incurred in the faithful performance of official duties.

In *Barnert v Mayor of Paterson,* 48 NJL 395; 6 A 15 (1886), the New Jersey Supreme Court held that where an officer is required by law to perform a public duty involving the disbursement of money out of pocket he must be reimbursed. In that case, the mayor of the City of Paterson brought suit to recover monies expended by him in employing legal counsel in successfully defending a mandamus action brought by the city against him. No provision in the city charter authorized the mayor to employ counsel at the city's expense.

The second case cited with approval by the Michigan Supreme Court in *Smedley v Grand Haven, supra,* was *City of Louisville v Murphey,* 86 Ky 53; 5 SW 194 (1887). An action had been brought by the mayor of the City of Louisville to restrain the collection of a tax which was claimed to be illegal. The city council and the city attorney declined to seek judicial determination of the illegality of the tax. The mayor retained private counsel, and the Kentucky Court of Appeals sustained the mayor's claim for reimbursement of his legal expenses. The Court held that the mayor had the right to retain counsel under the circumstances and that the city was liable for the expenses of counsel and attorney fees, stating:

"While, as a general rule, the mayor of a city has no

authority, by virtue of his office, to employ counsel, the power being conferred by the charter or by the Legislature of the city, *cases of emergency may arise when the power must necessarily exist.* It is made the duty of the mayor to see that the law and ordinances of the city are faithfully executed, and that the official duties of the city officials are faithfully performed." (Emphasis supplied.) *Id.,* 65.

In the instant case, where plaintiff retained private counsel to advise her and represent her in her official capacity in performing statutory obligations under the Michigan Election Law, there existed an immediate need for legal advice. Yet, the township attorney declined to advise plaintiff without approval of the full board. Thereafter, the township board refused the initial, and repeated, request of the plaintiff to authorize retention of private counsel to represent her in the mandamus action brought against her and in plaintiff's appeal to this Court.

In this case, the facts support the existence of pressing necessity or an emergency situation justifying petitioner in retaining private counsel. While a municipal corporation clearly has the discretion to determine whether an official may be indemnified for legal expenses incurred in the faithful discharge of his or her duties, it may constitute an abuse of discretion, as in this case, to refuse to provide legal representation or to indemnify the official for legal expenses incurred where pressing necessity or emergency conditions require legal representation.

Accordingly, we hold that under the decision in *Smedley v Grand Haven, supra,* and the stipulated facts in this matter the plaintiff was justified by pressing necessity and emergency conditions in retaining private counsel where the township at-

torney and township board refused to provide legal representation to or indemnification of plaintiff for the defense of her official action under the Michigan Election Law. Further, the township board abused its discretion under the circumstances in refusing to provide legal counsel for or indemnification for legal expenses incurred by plaintiff in defending actions against her in her official capacity. We hold the township is liable for the reasonable legal expenses incurred by plaintiff in performance of the statutory duties imposed upon her under the Michigan Election Law in this matter. This matter is remanded to the trial court for purposes of a hearing to determine the costs and attorney fees to be awarded in accordance with this opinion.

Reversed with costs and attorney fees to plaintiff.