JUBENVILLE v WEST END CARTAGE, INC

Docket No. 92165. Submitted June 5, 1987, at Detroit. Decided July 22, 1987. Leave to appeal denied, 429 Mich —.

Lawrence Jubenville was employed as a switch tractor operator, or truck driver, by Transportation Services, Inc. to move trailers from one place to another within the confines of the Ford Motor Company Assembly Plant in Wayne, Michigan. The switch tractor Jubenville normally drove was unavailable one day due to mechanical problems and Jubenville was supplied with another vehicle to use that day. The replacement vehicle was driven from U.S. Pool Car Co. to the Wayne Assembly Plant by an employee of West End Cartage, Inc., at the request of TSI. Jubenville was injured when he drove the replacement vehicle over some railroad tracks. The injury was caused by Jubenville's being tossed about in the cab of the vehicle. After being injured, Jubenville noticed that a piece of wood had lodged beneath the driver's seat and he concluded that the lodged piece of wood had caused that part of the seat mechanism which absorbs shocks to malfunction and that his injury therefore resulted from the presence of the wood beneath the seat. Jubenville (hereafter referred to singularly as plaintiff) and his wife, Kathryn D. Jubenville, both individually and as next friend of Stephen and Tracy Jubenville, their minor children, filed suit against West End Cartage, Inc., in Wayne Circuit Court alleging that plaintiff's employer, TSI, had entered into an agreement with West End under which West End was responsible for the maintenance and care of TSI's switch tractors and that, by providing plaintiff with a tractor whose seat malfunctioned due to the presence of a piece of wood, West End had negligently caused plaintiff's injuries. In addition, plaintiff alleged that West End wrongfully failed to warn him of the dangerous and defective condition of the seat. Defendant moved for summary disposition on the ground that there was no genuine issue as to any material fact and that defendant was

REFERENCES

Am Jur 2d, Summary Judgment §§ 15, 32.

Reviewability of order denying motion for summary judgment. 15 ALR3d 899.

entitled to judgment as a matter of law. The court, Richard C. Kaufman, J., granted summary disposition in favor of defendant. Plaintiffs appealed.

The Court of Appeals *held:*

1. Summary disposition was properly granted as to plaintiff's claim based on defendant's alleged improper repair of the switch tractor's seat or placement of the piece of wood beneath the tractor's seat. Defendant's motion was well grounded in documentary evidence showing, basically, that defendant and its employees never had anything to do with the switch tractor seat or the piece of wood which lodged beneath it, and plaintiff relied on mere allegations or denials in the pleadings without setting forth specific facts showing that a genuine issue for trial existed.

2. Summary disposition was also properly granted as to plaintiff's claim that defendant. had failed to fulfill its duty to warn plaintiff of the dangerous and defective condition of the switch tractor's seat. No genuine issue of material fact was presented by plaintiff regarding defendant's duty to warn plaintiff about the dangerous or defective nature of the switch tractor's seat.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — ISSUES OF MATERIAL FACT.

A court in considering a motion for summary judgment on the ground that there is no genuine issue as to any material fact must first review all the evidence presented, including any depositions, affidavits, admissions, and pleadings and then ascertain whether there is any dispute as to a material fact; the test is whether the record which might be developed, giving the benefit of any reasonable doubt to the nonmoving party, would leave open an issue upon which reasonable minds might differ (MCR 2.116[C][10]).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — ISSUES OF MATERIAL FACT.

A court should be liberal in finding a question of material fact when considering a motion for summary judgment on the ground that there is no genuine issue as to any material fact and must carefully avoid making findings of fact under the guise of determining that no issues of material fact exist; if in granting summary disposition the trial court makes findings of fact, the appellate court must reverse (MCR 2.116[C][10]).

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT — APPEAL.

A court's grant of summary judgment on the basis that there is

no genuine issue of material fact will be affirmed on appeal where no factual development could justify recovery by the nonmoving party (MCR 2.116[C][10]).

4. Motions and Orders — Summary Judgment — Issues of Material Fact.

A party opposing a motion for summary judgment made on the basis that there is no genuine issue of material fact cannot rest upon the mere allegations or denials of his pleading but must, by affidavits or as otherwise provided in the court rules, set forth specific facts showing that there is a genuine issue for trial; if the opposing party does not so respond, judgment, if appropriate, shall be entered against him (MCR 2.116[G][4]).

*Bloom, Prahler & Weingarden* (by *James M. Prahler*), for plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for defendant.

Before: Wahls, P.J., and J. H. Gillis and C. W. Simon, Jr.,* JJ.

Per Curiam. Plaintiffs appeal from orders of summary disposition granted to defendant by Wayne Circuit Judge Richard Kaufman, and we affirm.

This action stems from an accident which occurred at the Ford Motor Assembly Plant in Wayne, Michigan (Wayne Assembly Plant) on August 31, 1981. On that date, plaintiff Lawrence Jubenville (plaintiff) was employed as a switch tractor operator, or truck driver, by Transportation Services, Inc (TSI). Plaintiff's job was to move trailers by way of TSI-owned switch tractors from one place to another within the confines of the Wayne Assembly Plant. Because the switch tractor he normally drove had mechanical problems on August 31, 1981, plaintiff was supplied with another vehicle to use that day. The replacement

* Circuit judge, sitting on the Court of Appeals by assignment.

vehicle was driven from U.S. Pool Car Co. to the Wayne Assembly Plant by Harold "Bud" Wiggins, an employee of defendant, West End Cartage, Inc., at the request of TSI. When plaintiff subsequently drove the switch tractor over some railroad tracks, he injured his arm when he was tossed about in the cab compartment of the tractor. He noticed thereafter that a piece of wood had lodged beneath the driver's seat. Plaintiff believed that the wood was one of the wooden blocks which were normally placed behind the wheels of trailers moved by switch tractors. In any case, he reasoned that the lodged piece of wood had caused that part of the seat mechanism which absorbs shocks to malfunction, and that his arm injury therefore resulted from the presence of the wood beneath the seat.

Plaintiff and his wife and children thereafter sued defendant in March, 1986, essentially on the grounds of negligence and failure to warn. Plaintiff alleged that his employer, TSI, had entered into an agreement with defendant under which defendant was responsible for the maintenance and care of TSI's switch tractors and that, by providing plaintiff with a tractor whose seat malfunctioned due to the presence of a piece of wood, defendant had negligently caused plaintiff's injuries. In addition, plaintiff alleged that defendant wrongfully failed to warn plaintiff of the dangerous and defective condition of the seat. Defendant first moved for summary disposition under MCR 2.116(C)(10)— no genuine issue as to any material fact and the moving party is entitled to judgment or partial judgment as a matter of law—on the portion of plaintiff's complaint regarding defendant's failure to maintain the switch tractor and subsequently filed a similar motion on the remaining portion of the complaint regarding the failure to warn plain-

tiff of the dangerous condition of the seat. Both motions were granted.

The standard for deciding a motion under MCR 2.116(C)(10) is well established. The court must first review all the evidence presented, including any depositions, affidavits, admissions, and pleadings, and then ascertain whether there is any dispute as to a material fact. *Omega Construction Co, Inc v Altman,* 147 Mich App 649, 652; 382 NW2d 839 (1985). The test is whether the record which might be developed, giving the benefit of any reasonable doubt to the nonmoving party, would leave open an issue upon which reasonable minds might differ. *Rizzo v Kretschmer,* 389 Mich 363, 371-373; 207 NW2d 316 (1973). The court should be liberal in finding a question of material fact, *Livonia v Dep't of Social Services,* 423 Mich 466, 529-530; 378 NW2d 402 (1985), and "must carefully avoid making findings of fact under the guise of determining that no issues of material fact exist," *Partrich v Muscat,* 84 Mich App 724, 730-731; 270 NW2d 506 (1978). If in granting summary disposition the trial court makes findings of fact, the appellate court must reverse, *Baker v Detroit,* 73 Mich App 67, 72; 250 NW2d 543 (1976), but the lower court decision will be affirmed where no factual development could justify recovery by the nonmoving party, *League Life Ins Co v White,* 136 Mich App 150, 152; 356 NW2d 12 (1984). In addition, MCR 2.116(G)(4) provides that when a motion under subrule (C)(10) is made and supported as provided in the court rule an adverse party may not rest upon the mere allegations or denials of his or her pleading but must, by affidavits or as otherwise provided in the court rule, "set forth specific facts showing that there is a genuine issue for trial." If the adverse party does not so

respond, then "judgment, if appropriate, shall be entered against him or her."

The first motion for summary disposition was filed by defendant after the close of discovery in the case. The motion sought to dismiss plaintiff's claim that defendant had failed to maintain or repair the switch tractor's seat or had otherwise been responsible for the placement of the piece of wood beneath the switch tractor's seat. Defendant's motion was supported by several depositions, affidavits, and other documents. It was defendant's position that there was no evidence established during discovery which supported plaintiff's claim that defendant had improperly repaired the switch tractor's seat or that any of defendant's employees had placed the wood beneath the vehicle's seat. Defendant stressed that plaintiff himself had no personal knowledge regarding who placed the wood beneath the seat; that the operations manager for defendant had stated that the company records reflected that no relevant repairs had been performed on the seat; that the employee of defendant who drove the switch tractor used by plaintiff on August 31, 1981, from U.S. Pool Car Co. to the Wayne Assembly Plant did not place any wood beneath the vehicle's seat; that a mechanic employed by defendant stated that TSI employees themselves sometimes worked on vehicles without sending them to defendant for repair; and that a mechanic employed by U.S. Pool Car Co. stated that his fellow employees frequently performed work on TSI vehicles, such as switch tractors. In response, plaintiff did not file counter-affidavits or documents, but instead essentially attacked the credibility of the various deponents and affidavits whose statements were relied upon by defendant.

A hearing on the matter was held on August 16,

1985, the essence of which is captured in the following discussion:

> *The Court*: Defendant has come forward in his motion for summary judgment with affidavits, we have evidence we [sic] did absolutely nothing with respect to this seat, right?
>
> *Mr. Truex* [*Attorney for defendant*]: Yes, Your Honor.
>
> *The Court*: You come back and you say, well, they had a contract to keep this vehicle, to fix and repair?
>
> *Mr. Macaloon* [*Attorney for plaintiff*]: That's correct.
>
> *The Court*: Period. I don't see anything else you got. Am I missing something?
>
> *Mr. Macaloon*: No, that's what we've alleged the contract involved.
>
> *The Court*: And you have that, plus you say, we think we can impeach the credibility of the sitnesses [sic] who said, we had nothing to do with it?
>
> *Mr. Macaloon*: That's correct.
>
> *The Court*: Doesn't seem like enough to me. I don't think that's enough to get you to a jury and have a jury find by a preponderance of the evidence that, one, they did do anything on this seat, and two, what they did was wrong.

On August 29, 1985, Judge Kaufman issued a written order dismissing with prejudice plaintiff's claim based on defendant's alleged improper repair of the switch tractor's seat or placement of the piece of wood beneath the tractor's seat.

We do not hesitate in affirming the grant of summary disposition in favor of defendant in this matter. Defendant's motion was well grounded in documentary evidence showing, basically, that defendant and its employees never had anything to do with the switch tractor seat or the piece of wood which lodged beneath it. The argument by

plaintiff's counsel at the summary disposition hearing that the piece of wood simply "*had* to be placed under the seat by the guy" who drove the switch tractor from U.S. Pool Car Co. to the Wayne Assembly Plant was unsupported by any evidence and was even substantially undermined by plaintiff's counsel's own assertion that: "We do not know where the [piece of wood] commences its placement under the seat." In this case, defendant clearly supported its motion with adequate depositions and affidavits, and plaintiff just as clearly relied on mere allegations or denials in his pleading without setting forth specific facts showing that a genuine issue for trial existed. Under these circumstances, summary disposition against plaintiff under MCR 2.116(C)(10) was appropriate pursuant to MCR 2.116(G)(4).

Several months later, defendant filed a second motion for summary disposition based on plaintiff's remaining claim that defendant had failed to fulfill its duty to warn plaintiff of the dangerous and defective condition of the switch tractor's seat. Defendant based its motion on the absence of any testimony or evidence which, if believed, would show that the piece of wood beneath the switch tractor's seat was inside the switch tractor when it was in defendant's possession or that defendant knew or should have known of the positioning of the wood beneath the switch tractor's seat at any time. Simply stated, defendant argued that it could have no duty to inform plaintiff about a piece of wood being lodged beneath the seat of the switch tractor if there was no wood beneath the seat or defendant reasonably had no knowledge of such wood being beneath the seat. Defendant's motion was supported by various substantiating documents, including plaintiff's deposition, in which plaintiff stated that he did not know where the

piece of wood might have come from, and an affidavit of the employee of defendant who drove the switch tractor to the Wayne Assembly Plant on August 31, 1981, in which the employee stated that he had no knowledge of any defective condition in the switch tractor and had no reason to believe that that tractor was in any way defective. Plaintiff opposed the motion with his own affidavit and the deposition testimony of Dale Lemming, an employee of either U.S. Pool Car Co. or defendant.

We believe that Judge Kaufman did not err in recognizing that neither the Lemming deposition nor plaintiff's affidavit established a question of fact so as to preclude the grant of summary disposition in favor of defendant. The Lemming deposition, read in a light most favorable to plaintiff, merely establishes that switch tractor drivers would place wooden blocks behind the wheels of trailers which had to be moved and that some of these unspecified drivers would, at unspecified times, place those blocks on the back of a switch tractor or inside its cab section. Lemming specifically stated that he had no knowledge of plaintiff's accident or of the condition of the seat in the switch tractor used by plaintiff on August 31, 1981. Plaintiff's affidavit also fails to raise any issue of material fact. Although he asserts that no TSI employee used pieces of wood similar to that found beneath the seat of his switch tractor and that employees of U.S. Pool Car Co. or defendant *must have* placed the wood beneath the seat, his assertions remain unsupported and are based on mere speculation and inference. The affidavit's conclusionary language and its failure to be supported by underlying facts renders it insufficient for purposes of MCR 2.116(C)(10). *Bardoni v Kim,* 151 Mich App 169, 183; 390 NW2d 218 (1986), lv den 426 Mich 863 (1986). Indeed, even assuming that

the wood was placed in the switch tractor's cab section by an employee of defendant prior to the tractor's arrival at the Wayne Assembly Plant, there is no evidence showing that the wood was in a position to impair the operation of the vehicle's seat prior to the time plaintiff began driving on August 31, 1986. Apparently, plaintiff himself did not notice any problem with the seat until having driven over some railroad tracks and injuring his arm. Under these facts, no genuine issue of material fact was presented by plaintiff regarding defendant's duty to warn plaintiff about the dangerous or defective nature of the switch tractor's seat. The circuit court therefore properly granted summary disposition in favor of defendant on this second issue.

Affirmed.