## WAYNE COUNTY SHERIFF v WAYNE COUNTY BOARD OF COMMISSIONERS

Docket No. 132846. Submitted July 14, 1992, at Detroit. Decided November 2, 1992, at 9:00 A.M.

The Wayne County Sheriff brought an action in the Wayne Circuit Court against the Wayne County Board of Commissioners, seeking to recover attorney fees he incurred as a result of employing outside counsel to defend against petitions by the Wayne County Executive and various Wayne County Jail inmates seeking the appointment of a receiver for the Wayne County Jail. The county executive, the sheriff, and the board each filed motions for summary disposition regarding the board's liability for the attorney fees. The court,, Richard C. Kaufman, J., granted the defendants summary disposition with regard to fees incurred before August 25, 1988, and after October 7, 1988, and granted the plaintiff summary disposition with regard to fees incurred between August 25, 1988, and October 7, 1988, while a resolution by the board authorizing outside counsel was in effect, ordering the board to pay only those fees. The plaintiff appealed.

The Court of Appeals held:

1. The board of commissioners was obligated, pursuant to MCL 49.73; MSA 5.826, to provide the sheriff with legal counsel to defend against the receivership proceeding. The statute does not require the retention of outside legal counsel.

2. The trial court erred in granting summary disposition for the defendants. Questions of fact exist regarding whether a conflict of interest remained after the county executive withdrew his petition for the appointment of a receiver that would render the corporation counsel ethically unable to represent the sheriff in the receivership litigation, and whether, if a conflict of interest remained, the attorney who was employed by the county to represent the sheriff exclusively had the time and the staff necessary to represent the sheriff adequately

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 219, 220.
See ALR Index under Counties.

without the assistance of the corporation counsel's legal and administrative staff. The grant must be reversed and the case remanded to the trial court for a determination of these issues. On remand, if it is determined that the attorney who was employed by the county to represent the sheriff exclusively was not able to represent the sheriff adequately between August 15 and August 25, 1988, the trial court also must consider whether exigent circumstances existed that would excuse the sheriff from obtaining the board's authorization, as required by a county ordinance, before retaining outside legal counsel.

3. The sheriff is not entitled to a jury trial to determine the reasonableness of the attorney fees incurred. MCL 49.73; MSA 5.826 provides that the attorney's compensation is to be determined by the board of commissioners.

4. The resolution adopted by the board of commissioners on October 6, 1988, revoking its approval of payment of fees to the sheriff's outside legal counsel, conditioned upon the chairman's receipt of a letter from the corporation counsel stating that his office could represent the sheriff, was not adopted in violation of the Open Meetings Act, MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.*

5. The order granting summary disposition for the defendants for the periods August 15 to August 25, 1988, and after October 7, 1988, is reversed.

Reversed and remanded.

FITZGERALD, P.J., dissenting in part, stated that there is no factual dispute regarding the ability of the attorney who was employed by the county to represent the sheriff exclusively to represent the sheriff in the receivership proceeding. The full-time employment of in-house counsel does not satisfy the board's statutory duty to provide counsel where the board decides not to employ in-house counsel in a given case. The employment of the attorney who was employed by the county to represent the sheriff exclusively as in-house counsel is irrelevant to the determination whether the board satisfied its duty to defend.

1. COUNTIES — CIVIL SUITS AGAINST COUNTY OFFICIALS — BOARD OF COMMISSIONERS — DUTY TO PROVIDE LEGAL COUNSEL.

   A county board of commissioners must employ outside counsel to represent an elected county officer named as a defendant in a civil matter involving an official act or duty of the office of the defendant official where the county prosecuting attorney or corporation counsel is unable to represent the official; outside counsel is entitled to reasonable compensation as determined by the board of commissioners (MCL 49.73; MSA 5.826).

2. PUBLIC OFFICERS — RETENTION OF OUTSIDE COUNSEL — EXIGENT
   CIRCUMSTANCES.

   Public officials acting in their official capacity may retain outside
   counsel without the permission of the local governing body if
   the retention is justified by exigent circumstances; whether
   such circumstances exist is a question for the finder of fact.

*Bodman, Longley & Dahling* (by *Theodore Souris, Thomas A. Roach,* and *Charles N. Raimi*), for the Wayne County Sheriff.

*Saul A. Green,* Corporation Counsel, and *Sharon A. Kennedy,* Assistant Corporation Counsel, for the Wayne County Board of Commissioners.

Before: FITZGERALD, P.J., and HOOD and REILLY, JJ.

REILLY, J. This case involves a dispute regarding Wayne County Sheriff Robert Ficano's request to the Wayne County Board of Commissioners for payment of attorney fees incurred in defending against a petition to appoint a receiver for the Wayne County Jail. The petition was filed by the Wayne County Executive, Edward McNamara, in a Wayne Circuit Court action brought by prisoners in 1971 against the Wayne County Executive, the chairman of the Wayne County Board of Commissioners, the sheriff, and the jail administrator seeking to improve jail conditions.

McNamara petitioned the court to relieve Sheriff Ficano of his jail responsibilities and have himself appointed as receiver of the jail on August 15, 1988. The hearing on the motion was scheduled for August 29, 1988. In separate letters dated August 16 and 17, 1988, both the Wayne County Prosecuting Attorney and the Wayne County Corporation Counsel advised the sheriff that their offices would be unable to represent him to defend against the receivership petition. On August 15,

1988, Ficano sought authorization from the board of commissioners to retain outside legal counsel to represent his interests. On the same day, Ficano retained outside legal counsel. McNamara objected to the request for outside counsel, arguing to the board that Ficano's in-house counsel, Adam Angelas, should represent Ficano in the receivership proceeding. On August 25, 1988, the board, by resolution, tentatively approved Ficano's request for use of outside legal counsel in the receivership proceeding.[1] It is undisputed that the board rejected McNamara's argument when it authorized outside counsel, but the record does not indicate its reasons for doing so.

On September 1, 1988, the inmates filed their own petition requesting that an independent receiver be appointed. On September 13, 1988, McNamara formally withdrew his petition to be appointed receiver. However, after his withdrawal, McNamara filed court documents and made appearances through counsel, arguing that should the court decide to appoint a receiver, he was the logical choice.

On October 6, 1988, the commissioners passed a second resolution, revoking their approval of pay-

---

[1] The resolution provided for appointment of a mediation panel to evaluate jail conditions and meet with the parties to resolve the dispute. The panel was given twenty-eight days to accomplish its assignment. The resolution concluded as follows:

Resolved, that Corporation Counsel be directed to go into Wayne County Circuit Court to request the postponement of all hearings regarding the central administration of the Jail Petition by the County Executive until the end of the 28 day mediation period and, be it further

Resolved, that no expenditures for outside counsel will be made until after the 28 day period and/or unless any party progresses the suit; outside counsel is approved, pending the outcome of the 28 day period review, and be it finally

Resolved, that the Chairman of the Board, with the advice of the Commissioners, appoint this Mediation Panel no later than September 8, 1988.

ment of fees to Ficano's outside legal counsel, conditioned upon their chairman's receipt of a letter from the corporation counsel that his office could represent Ficano. Again, nothing in the resolution or in the record refers to the availability of Angelas to represent the sheriff in the receivership proceedings. On October 7, 1988, the corporation counsel sent the chairman, Arthur Carter, a letter stating that because McNamara had withdrawn his petition to be appointed receiver, he could lawfully provide legal representation to the sheriff. Nevertheless, Ficano continued to retain outside legal counsel to represent him in the receivership proceeding.

In late 1988, Ficano submitted an invoice to the board of commissioners for attorney fees for the period August 15, 1988, to September 30, 1988. The board referred the invoice to its legislative tribunal, which adopted a resolution authorizing payment in full. However, the board refused to pay the invoice except for $3,457.25 in counsel's out-of-pocket expenses.

On February 16, 1989, the trial court granted the motion for receivership, naming McNamara as the receiver. Ficano appealed and filed a motion for stay, which was denied by this Court, McDonald, P.J., and Holbrook, Jr., and Murphy, JJ., on March 16, 1989 (Docket No. 115672). Our Supreme Court reversed, stayed the receivership order on March 24, 1989, and ordered this Court's expeditious hearing and decision of the case. *Wayne Co Jail Inmates v Wayne Co Chief Executive Officer #2*, 432 Mich 882 (1989). This Court, Cynar, P.J., and Wahls and Marilyn Kelly, JJ., then held, inter alia, that the receivership order was proper. *Wayne Co Jail Inmates v Wayne Co Chief Execu-*

*tive Officer,* 178 Mich App 634; 444 NW2d 549 (1989). Our Supreme Court again stayed the receivership order in an order dated August 15, 1989, while an application for leave to appeal remained under consideration. On November 30, 1989, the parties entered into a consent judgment whereby McNamara and Ficano agreed to jointly appoint Peter Wilson as Director of Jail Operations, who would report to McNamara on all budget matters and to Ficano on all security and operational matters. On February 21, 1990, the Supreme Court entered an order dismissing the appeal pursuant to the consent judgment.

On June 21, 1989, before entry of the consent judgment, Ficano commenced this action against the Wayne County Board of Commissioners, seeking to recover attorney fees in excess of $400,000, allegedly incurred by him in defending against the petition for receivership. On February 28, 1990, intervening defendant McNamara filed a motion for summary disposition of the issue of the board's liability for attorney fees. In March 1990, Ficano and the board filed similar motions. On May 8, 1990, the trial court issued a written opinion and order granting defendants' motions for summary disposition regarding the board's liability for Ficano's attorney fees incurred before August 25, 1988, and after October 7, 1988. The court also granted Ficano's motion for summary disposition regarding the board's obligation to pay those fees incurred between August 25, 1988, and October 7, 1988. All the motions were granted pursuant to MCR 2.116(C)(10). Basically, the court determined that the board was liable only for those fees incurred by Ficano for the period August 25, 1988, to October 7, 1988, while the resolution authorizing outside counsel was in effect. On August 24, 1990, the trial court entered a final judgment, ordering the board to pay plaintiff $56,560.75 in attorney fees

for that period. Plaintiff Ficano appeals as of right from the final order granting defendants' motions. Defendants have not filed a cross appeal.[2]

I

Plaintiff first argues that the trial court erred in recognizing the validity of the commissioners' October 6, 1988, resolution wherein the commissioners revoked their authorization for plaintiff to retain outside counsel.

Plaintiff argues that the board could not legally revoke its authorization for plaintiff's outside counsel and that the October 6, 1988, resolution is void because: (1) the board had a statutory duty to provide him with counsel, (2) the conflict between him, the board, and McNamara was not extinguished with McNamara's withdrawal, and (3) the corporation counsel could not represent him while the conflict existed. Plaintiff also contends that the crisis situation demanded immediate retention of outside counsel and Angelas could not handle the increase in work without the continued assistance from the corporation counsel's legal staff.[3] The board argues that no conflict of interest existed after McNamara's withdrawal of his petition that would preclude representation of Ficano by the corporation counsel. McNamara does not contend that no conflict existed, but, rather, that it is irrelevant because the county's statutory obligation to provide legal counsel to the sheriff was satisfied by the continued employment of Angelas,

---

[2] The board has acknowledged liability for payment for services rendered by outside legal counsel for the period August 25, 1988, to October 7, 1988.

[3] In support of his position that the October 6, 1988, resolution is void, Ficano cites only cases where the Michigan courts have invalidated ordinances that were unconstitutional. None of those cases are applicable in this case because no one has claimed that the resolution was unconstitutional.

who was paid by the county to represent the sheriff's interests exclusively.

The trial court determined that "factual questions may exist as to whether Corporation Counsel was able to represent the Sheriff in the 'jail case' with respect to the receivership motion." Nonetheless, the court proceeded to make a factual finding that the presence of Angelas as Director of the Service Division of the Wayne County Sheriff's Department, and plaintiff's in-house counsel in the jail case for the previous thirteen years, satisfied the commissioners' statutory duty to provide plaintiff with counsel in the receivership action. In essence, the trial court determined that because the county paid Angelas to represent the sheriff's office, and because he was competent and had unquestioned loyalty to the sheriff, it had complied with MCL 49.73; MSA 5.826, and had no obligation to provide additional legal counsel.

MCL 49.73; MSA 5.826 provides in pertinent part:

> The board of commissioners of a county shall employ an attorney to represent elected county officers, including the sheriff, . . . in civil matters, as a defendant, when neither the prosecuting attorney or county corporation counsel is able to represent the particular officer. Legal advice, counsel, or court action shall be required under this section only in a case which involves an official act or duty of the office of the county officer. The attorney shall receive reasonable compensation as shall be determined by the board of commissioners.

As noted above, the record does not reveal the reason for the commission's initial resolution authorizing outside counsel to represent Ficano rather than requiring Ficano to utilize Angelas as

his counsel. Nor does the record reveal why the board did not look to Angelas to represent plaintiff following the withdrawal of McNamara's petition. We only know from the language of the board's second resolution that the board was concerned about the ability of the corporation counsel to represent Ficano in view of the conflict between Ficano and McNamara.[4]

There is no question that the county, acting through its board of commissioners, was statutorily obligated to provide the sheriff with legal counsel to defend against the receivership proceeding. We agree with the trial court that the statute does not require retention of outside legal counsel as opposed to in-house counsel. Therefore, the real controversies in this case are: (1) whether a conflict of interest remained after McNamara's withdrawal of his petition that would render the corporation counsel ethically unable to represent Ficano in the receivership litigation;[5] (2) if so, whether

---

[4] The October 6, 1988, resolution provided in pertinent part:

[P]ayments of legal fees shall cease to outside legal firms representing the Sheriff immediately upon the Chairman of the Commission's personal receipt of a letter from the Corporation Counsel indicating that the Corporation Counsel can represent the Sheriff in the lawsuit *Jail Inmates v Wayne County, et al.*

[5] Rule 1.7 of the Michigan Rules of Professional Conduct governs conflicts of interest as follows:

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
(2) each client consents after consultation.
(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
(1) the lawyer reasonably believes the representation will not be adversely affected; and
(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the

Angelas, who was employed by the county to represent the sheriff exclusively, had the time and staff necessary to adequately represent Ficano in the receivership proceeding without the assistance of corporation counsel's legal and administrative staff;[6] and (3) if Angelas could not adequately

consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

[6] According to the May 18, 1990, affidavit of Adam Angelas, filed in support of Ficano's motion:

5. I have represented the Sheriff for many years in litigation titled *Wayne County Jail Inmates, et al v Edward McNamara, et al,* Wayne County Circuit Court No. 71-173-217-CZ. From the beginning of my representation in 1975 until as recently as mid 1988, whenever needed, I was able to work with, and draw upon the resources of the Wayne County Corporation Counsel and his staff. From 1983 to 1986, the Jail case was not highly adversarial, rather the parties were engaged in the process of attempting to bring Jail conditions into compliance with the various court orders. From 1986 until mid 1988, the parties were in the process of attempting to consolidate all court orders into one final judgment and my work was primarily involved in attendance at meetings and negotiations with other counsel and the jail monitors in the preparation of the final judgment and other pleadings concerning the findings of the monitor and implementation of the court's final judgment in the jail case.

6. In August and September of 1988, the County Executive and the Jail Inmates filed motions in the Jail Inmates litigation seeking the appointment of a receiver for the Wayne County Jail. Those motions substantially changed the nature of the litigation and created a highly adversarial relationship between the Sheriff and the County Executive, and also created conflicts between the Sheriff and the Board of Commissioners and the Corporation Counsel. . . .

7. No single lawyer, particularly a single lawyer like myself with ongoing administrative and legal duties, could possibly have provided the Sheriff with the resources and quality of representation given him in the Receivership litigation. I did not have the time, staff or resources to do so. I regularly reviewed the briefs and other materials filed by the Bodman firm in the case, and attended most, if not all, of the Court proceedings. It is my opinion that the extensive services performed by the Bodman firm in representing the Sheriff in the Receivership litigation were necessary in light of the vigorous advocacy of the multiple lawyers representing the adverse parties and the time constraints imposed for the completion of the case.

provide the representation required, whether exigent circumstances existed.

The trial court recognized that factual issues were presented regarding the first issue, even though McNamara was represented by his own counsel rather than the corporation counsel in the receivership ·proceedings.[7] Nevertheless, the court concluded that because Angelas was indisputably competent and loyal to the sheriff, his presence was, as a matter of law, sufficient to show the board's compliance with its statutory obligation to provide legal representation to the sheriff.

We disagree Although Angelas' competence and loyalty is not in dispute, the factual issue remains whether Angelas had the time and staff to properly represent the sheriff if Angelas was unable to utilize the assistance of the staff of the corporation counsel's office because of that office's purported conflict of interest.[8] Because questions of fact must be resolved regarding issues 1 and 2, the trial court erred in granting summary disposition. *SSC Associates Limited Partnership v General Retirement System of the City of Detroit,* 192 Mich App 360, 366; 480 NW2d 275 (1991); *Jubenville v West End Cartage, Inc,* 163 Mich App 199, 203; 413 NW2d 705 (1987). We therefore reverse the grant of summary disposition in favor of defendants and remand to the trial court for a determination of the factual issues.

On remand, if it is determined that Angelas was

[7] The trial court's opinion of May 8, 1990, stated:

However, because the Corporation Counsel's Office did represent the Commissioners, and because of the conflict that may be created because of the legal relationship between the CEO and Corporation Counsel, it appears to the Court that factual questions may exist as to whether Corporation Counsel was able to represent the Sheriff in the "jail case" with respect to the receivership motion.

[8] See uncontested affidavit of Adam Angelas, footnote 6, *supra.*

not able to adequately represent the sheriff between August 15 and August 25, 1988, the trial court shall also consider whether exigent circumstances existed that would excuse Ficano from obtaining the board's authorization, as required by Wayne County Ordinance No. 83-13, effective October 7, 1983, before retaining outside legal counsel.[9] Plaintiff argues that because McNamara's petition action was scheduled for hearing on August 29, 1988, a crisis situation necessitated plaintiff's immediate retention of outside counsel. Michigan courts have recognized the principle that public officials acting in their official capacity may retain outside counsel without the permission of the local governing body if the retention is justified by exigent circumstances. See *Smedley v Grand Haven,* 125 Mich 424; 84 NW 626 (1900); *City of Warren v Dannis,* 136 Mich App 651; 357 NW2d 731 (1984); *Exeter Twp Clerk v Exeter Twp Bd,* 108 Mich App 262; 310 NW2d 357 (1981). Whether exigent circumstances are present that justify the unauthorized retention of private counsel is a

---

[9] Wayne County Ordinance No. 83-13 provides in pertinent part:

SECTION 3: SEPARATE LEGAL COUNSEL

The County Commission shall employ an attorney to represent the County Commission, its members, the Chief Executive Officer, or any other officials, departments, officers, agencies or instrumentalities or their directors, trustees, officers or employees when neither the Prosecuting Attorney nor the Corporation Counsel is able to provide representation; however, legal advice, counsel or court action shall be required under this section only in civil matters when such County Commission, its members, the Chief Executive Officer, or any other officials, departments, officers, agencies or instrumentalities or their director, trustees, officers or employees is a party defendant and the case involves an official act or duty of the office.

SECTION 4: WRITTEN REJECTIONS REQUIRED

Any request for engaging separate legal counsel shall be preceded by a written request with written rejections by the Prosecuting Attorney and the Corporation Counsel.

question for the finder of fact. *Smedley, supra* at 429. As noted above, the statutory obligation to provide legal representation is mandatory. Nevertheless, we find no reason to ignore the provisions of the ordinance that provide for notice to the board of the officials' need for legal representation. The board is thus afforded an opportunity to determine whether adequate in-house representation is available (i.e., corporation counsel or an attorney, such as Angelas, who is employed to provide legal representation to an official exclusively) avoiding the necessity of engaging outside legal counsel.

II

Plaintiff also argues that he is entitled to a jury trial to determine the reasonableness of the attorney fees he incurred in the receivership action. We disagree. MCL 49.73; MSA 5.826 specifically states that compensation shall be determined by the board of commissioners. Additionally, plaintiff's complaint, although phrased as an action for money damages, is in actuality an equitable action for reimbursement of fees or for mandamus. Plaintiff has not suffered any damages by reason of breach of a contract, but, rather, is asserting his statutory rights. See *City of Warren v Dannis, supra,* and *Exeter Twp Clerk, supra.* Plaintiff is not entitled to a jury trial in this equitable action.[10]

III

We decline to review plaintiff's argument that

[10] Plaintiff cites *Smedley v Grand Haven,* 125 Mich 424; 84 NW 626 (1900), as support for his right to a jury trial. However, *Smedley* is distinguishable from this case because the plaintiff in *Smedley* was the mayor's attorney and was asserting his contractual rights against the city.

he is entitled to recover fees and expenses incurred in bringing this action. An issue not decided by the trial court is not preserved for review by this Court. *McKelvie v Mount Clemens,* 193 Mich App 81, 86; 483 NW2d 442 (1992). We conclude that a miscarriage of justice will not result from our declining to review this issue. *Id.* On remand, plaintiff is free to pursue his motion for attorney fees.

IV

Finally, we have considered plaintiff's claim that the October 6, 1988, resolution was adopted in violation of the Open Meetings Act, MCL 15.261 *et seq.*; MSA 4.1800(11) *et seq.,* and agree with the trial court that the claim is without merit.

Accordingly, the order granting summary disposition for defendants for the periods August 15 to August 25, 1988, and after October 7, 1988, is reversed. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

HOOD, J., concurred.

FITZGERALD, P.J. *(concurring in part and dissenting in part).* I respectfully dissent from the majority's conclusion that there is a factual dispute regarding Angelas' ability to represent Ficano in the receivership proceeding. MCL 49.73; MSA 5.826 requires the board of commissioners to employ an attorney to represent the sheriff *when he is named as a defendant* and corporation counsel and the prosecuting attorney are unable to represent him. Thus, the decision whether to employ counsel to defend the sheriff is made case by case. I do not believe that the full-time employment of

in-house counsel satisfies the board's duty to provide counsel where the board decides *not* to employ the in-house counsel in any given case. In this case, the board, which is the party that may ultimately be responsible for the payment of the outside legal fees, has conceded that Angelas' employment as in-house counsel is irrelevant in the determination whether the board satisfied its statutory duty to defend.[1]

I concur with the remainder of the majority opinion.

---

[1] Only McNamara contends that the county's statutory obligation to provide legal counsel to the sheriff was satisfied by the continued employment of Angelas.