688 N.W.2d 283 (2004)
Stephen W. WARDA, Plaintiff-Appellee,
v.
CITY COUNCIL OF THE CITY OF FLUSHING and City of Flushing, Defendants-Appellants.
Docket No. 125561. COA No. 241188.
Supreme Court of Michigan.
October 29, 2004.
On order of the Court, the application for leave to appeal the December 23, 2003 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), we direct the Clerk to schedule oral argument on whether to grant the application or take other peremptory action permitted by MCR 7.302(G)(1). The parties shall file supplemental briefs within 28 days of the date of this order, and are directed to include among the issues briefed whether the city council's decision is subject to judicial review. See House Speaker v. Governor, 443 Mich. 560, 574, 506 N.W.2d 190 (1993), Messmore v. Kracht, 172 Mich. 120, 137 N.W. 549 (1912), and the concurrence in Bendix Safety Restraints Group, Allied Signal, Inc. v. City of Troy, 215 Mich.App. 289, 544 N.W.2d 481 (1996).
MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., would entertain argument on the issues raised by the parties and not include an issue not raised by either party but created by this Court.
CORRIGAN, C.J., concurs and states as follows:
I concur with this Court's order directing oral argument on the application. I write separately to note that this Court can always address the question of its authority to decide a case. Such issues are jurisdictional questions that courts may raise sua sponte. This Court discussed this principle in In re Fraser Estate, 288 Mich. 392, 394, 285 N.W. 1 (1939):
Courts are bound to take notice of the limits of their authority, and a court may, and should, on its own motion, though the question is not raised by the pleadings or by counsel, recognize its lack of jurisdiction and act accordingly by staying proceedings, dismissing the action, or otherwise disposing thereof, at any stage of the proceeding.
Thus, this Court has authority to direct the parties to address whether the city council's decision is subject to judicial review because it relates to this Court's jurisdiction.