KELLY, C.J.
(concurring in part and dissenting in part). I agree with the majority that a parolee incarcerated on new criminal charges is not entitled to jail credit under MCL 769.11b. If the parolee is convicted, the court may not award credit against the sentence it imposes for time the parolee spent in jail awaiting trial. But I reach that conclusion for different reasons than the majority finds appropriate.
*589 In this case, I believe that the 98 days defendant served in jail should have been considered time served toward the minimum term calculated under MCL 791.234.[1] The existing application of the consecutive sentencing scheme may also be unconstitutional as applied to similarly situated parolees.
THE CONSECUTIVE SENTENCING STATUTES
Persons who are convicted of offenses committed while they are on parole are automatically subject to consecutive sentences under MCL 768.7a(2), which provides:
If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.
MCL 791.234 specifies how consecutive sentences must be calculated.[2] MCL 791.234(3) states:
If a prisoner other than a prisoner subject to disciplinary time is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimum terms, less the good time and disciplinary credits allowed by statute. The *590 maximum terms of the sentences shall be added to compute the new maximum term under this subsection, and discharge shall be issued only after the total of the maximum sentences has been served less good time and disciplinary credits, unless the prisoner is paroled and discharged upon satisfactory completion of the parole.
Finally, MCL 791.238(6) states that a parolee is considered to be serving his or her sentence while on parole:
A parole shall be construed as a permit to the prisoner to leave the prison, and not as a release. While at large, the paroled prisoner shall be considered to be serving out the sentence imposed by the court and, if he or she is eligible for good time, shall be entitled to good time the same as if confined in a state correctional facility.
Discerning how to correctly give force to each of these statutes is a difficult task. Unlike the majority, I do not agree that existing practices give proper effect to the statutory language. I believe than the key to the correct interpretation is the timing of the Parole Board’s calculation of a consecutive sentence under MCL 791.234(3).
APPLICATION OF THE SENTENCING STATUTES
MCL 768.7a(2) provides for consecutive sentences for all paroled offenders who are convicted of and sentenced for a new felony committed while they were on parole for their original offense. Once the parolee is sentenced for the new offense, the Parole Board calculates the date when he or she will again be eligible for parole pursuant to MCL 791.234(3).
Under MCL 791.234(3), a prisoner must serve “the total time of the added minimum terms” before becoming eligible for parole. The parolee’s new parole eligibility date is computed by considering first how much time *591 the parolee must serve, then determining how much time the parolee “has served.”
MCL 791.234(3) therefore defines when the Parole Board has jurisdiction to parole a prisoner serving consecutive indeterminate sentences. It does so by combining the terms of the old and new sentences into one aggregate term. The minimum and maximum terms of the old and new sentences are added together. The result is a single term with one minimum and one maximum. The new minimum and maximum set the new boundaries of the time a prisoner must serve.
It is only when this aggregate, single term has been determined that the Parole Board can calculate the parolee’s new parole eligibility date.[3] Thus, calculating what constitutes “time served” is inevitably a retroactive exercise. The Parole Board does not determine a defendant’s new parole eligibility date until after he or she is sentenced for the new offense.
Under the current practice of the Department of Corrections (DOC), the minimum sentence of a paroled defendant who offends again does not begin until the date of sentencing. Consequently, the Parole Board does not acquire jurisdiction over that defendant until he or she has served the equivalent of the minimum term of that new offense. That term is measured from the date of sentencing on the new offense.
However, this practice does not reflect what the statute requires. The statute mandates only that the prisoner serve an amount of time equal to the added minimum terms of incarceration. That time served includes (1) time served in prison on the original *592 offense, (2) time served on parole for the original offense, according to MCL 791.238(6), and (3) time spent in jail awaiting disposition of the new charges.
The parties do not dispute that the Parole Board lacks authority to alter a defendant’s sentence. It cannot add time to the minimum sentence already served.[4] As we have noted:
[Cjonsecutive sentences imposed on persons who, while incarcerated or on escape, commit another crime will commence to run when the total of the minimum sentences imposed for prior offenses has been served.[5]
In Wayne Co Prosecutor, we also observed that the “Legislature’s intent in enacting [MCL 768.7a(2)] was simply to extend the statutory provisions of [MCL 768.7a(l)] to parolees . . . .”[6] The Parole Board has not only the authority but a statutory obligation to use the terms of sentences imposed by courts in order to calculate both (1) the earliest point at which a prisoner may be released on parole and (2) the point at which he or she must be discharged from prison.
I conclude that the plain meaning of “total time” in the clause “when the prisoner has served the total time of the added minimum terms” must apply to all time served. Generally, no remaining portion remains on a defendant’s minimum term when he or she is paroled. Therefore, any time served on parole or in jail awaiting disposition of new charges should be counted as time served toward the aggregate minimum sentence. Wayne Co Prosecutor erred to the extent it went beyond that *593 language and concluded that the consecutive sentence would commence immediately upon the parolee’s new offense. That conclusion does not take into account the timing of the Parole Board’s calculation of a defendant’s added minimum terms under MCL 791.234(3).
My interpretation is consistent with this Court’s interpretation of MCL 768.7a(2) and truer to its holding in Wayne Co Prosecutor. In that case, we also held that
the “remaining portion” clause of [MCL 768.7a(2)] requires the offender to serve at least the combined mínimums of his sentences, plus whatever portion, between the minimum and the maximum, of the earlier sentence that the Parole Board may, because the parolee violated the terms of parole, require him to serve.[7]
We therefore rejected the prosecutor’s argument that MCL 768.7a(2) requires a prisoner to serve his or her entire original maximum sentence before beginning to serve his or her new minimum sentence. Under MCL 791.234(3), the Parole Board lacks jurisdiction over the prisoner for the purposes of parole until he or she reaches the new parole eligibility date. However, after the prisoner is sentenced for the new offense, the Parole Board clearly has the authority to require the prisoner to serve an additional portion of the original maximum sentence. This is due to his or her parole violation. As indicated by the use of the permissive language from Wayne Co Prosecutor, “may . . . require him to serve,” the Parole Board need not add time.
In current practice, however, the Parole Board does not make such a decision. It passively treats time served in prison before sentencing for a new offense, however long that may be, as time served for the defendant’s *594 parole violation.[8] But this time served is currently counted only toward the defendant’s original maximum sentence.[9] believe that this policy does not constitute a discretionary decision. Therefore, I believe Warda v Flushing City Council[10] is not applicable.
I believe that the Parole Board may exercise its discretion to decide whether a prisoner eligible for parole will serve additional time in prison because of a parole violation. However, I also believe that such an affirmative and individualized determination is the only proper mechanism for requiring the prisoner to serve additional time only toward his maximum term. The DOC’s current practice also raises troubling questions about the constitutionality of its treatment of similarly situated individuals.[11]
CRITICISMS OF MY APPROACH
I disagree with the majority and Justice MARKMAN that my interpretation contravenes consecutive sen *595 tencing. When someone has been convicted of multiple offenses and received a consecutive sentence, time he or she serves is not credited to the minimum sentences for more than one conviction. In contrast, under a concurrent sentence, any time served is applied to all prisoners’ minimum sentences.
Under my interpretation of MCL 769.11b, consistent with a consecutive sentence, a prisoner’s time served would never be applied toward more than one minimum sentence. Time served would not be applied toward the second minimum sentence until the first minimum sentence had been served. Time served might be applied against the minimum term of a new sentence and the maximum term of the old sentence at the same time. But, under Michigan’s indeterminate sentencing scheme, minimums and máximums are often served concurrently, even when consecutive sentencing applies.[12] Indeed, the current application of MCL 791.234(3) applies time served by reoffending parolees to satisfy the minimum sentence of the new offense and the maximum sentence of the old offense simultaneously. This occurs because the maximum sentence for the old offense has not been served when the convict is resentenced. The time left is incorporated into the offender’s new combined maximum sentence.
Moreover, I disagree with the majority opinion that my interpretation is undermined by MCL 791.238(6). As discussed previously, the Parole Board has no authority to alter a defendant’s sentence. A defendant’s early release date is not calculated until after the minimum and maximum terms of both consecutive *596 sentences have been added together. I believe that all the time that a defendant has served should be applied toward that aggregate term, as calculated by the Parole Board pursuant to MCL 791.234(3). I reject the majority’s contention that the Legislature intended that time spent ón parole should count only toward the sentence imposed by the court before the prisoner was paroled.[13]
The majority’s conclusions are premised on an erroneous assumption: A prisoner serving an existing prison term while awaiting trial for a new offense cannot be considered to be serving time toward a new sentence that is imposed after the trial. The error in this assumption is illustrated by examining the application of jail credit to the sentences of first-time offenders. While a first-time offender is in jail awaiting trial, he is not serving his sentence. He has not yet been convicted, and there is no sentence to serve. But once convicted, he is considered to have been serving the sentence while in jail awaiting trial.
Similarly, while a parolee is incarcerated awaiting trial for new criminal conduct, he or she cannot be serving his or her new sentence because it does not yet exist; he or she is only serving his or her prior sentence. But once the second sentence has been imposed, MCL 791.234(3) becomes operative. Only at that point can the new aggregate term governing the prisoner’s incarceration be computed. The minimum terms of both sentences are added together, as are the maximum terms of both sentences.
*597 At that point, it is relevant to ask, with respect to parole eligibility and maximum discharge dates, how much time the prisoner has served. MCL 791.238(6) indicates that the parolee is considered to have been serving his sentences while on parole. That none of the sentences existed at the time he was deemed to be serving them is not inherently problematic.[14] The same result occurs with the award of jail credit to a first-time offender. While in jail, a first-time offender is similarly considered to have been serving a sentence that did not yet exist.
The “sentence imposed by the court” referenced in MCL 791.238(6) should not be given the overly restrictive meaning that the majority ascribes to it.[15] This is made clear by MCL 8.3b, which provides that in construing statutes,
*598 [e]very word importing the singular number only may extend to and embrace the plural number, and every word importing the plural number may be applied and limited to the singular number.
Thus, even though MCL 791.238(6) refers to a single sentence, it may properly be considered to reference multiple sentences, including those being served consecutively.
Furthermore, MCL 791.238(6) credits all parolees for time served while on parole, whether they are serving two sentences imposed consecutively, or three or more. Another example illustrates how this occurs. A prisoner is paroled from a single sentence and receives a consecutive sentence for a new felony committed while on parole. The prisoner is paroled again and commits a third felony resulting in a third consecutive sentence. In what sense was the prisoner serving out the “sentence imposed by the court”? Quite literally, the prisoner was not actually serving a single sentence imposed by a court. Rather, the prisoner was serving a combined term of imprisonment computed by the DOC under MCL 791.234(3) after the prisoner’s second offense. This combined term is an aggregate term with added mínimums and added máximums. That combined term included two sentences imposed by the court as its component parts. Thus, it is not a failure of logic to read MCL 791.238(6) to mean that, while on parole, parolees are serving sentences imposed by the court. They are serving all of them, including the one imposed for the most recent episode of new criminal conduct committed while on parole.
I also disagree with the assertion in the majority’s and Justice MAKKMAN’s opinions that my interpretation leads to “illogical” or “anomalous” results.[16] Most of *599 this criticism is that my interpretation could result in a repeat offender being deemed eligible for parole immediately upon being sentenced for a new offense. Clearly, such a situation could occur. But, of course, the Parole Board always has the discretion not to grant parole. Therefore, the situation does not constitute the absurd result of a repeat offender likely being paroled without serving time for a second offense. Certainly, it does not warrant disregarding the statutory language.
I offer this hypothetical example by way of illustration of what MCL 791.234(3) requires: An offender is sentenced to 1 to 10 years in prison. The offender is granted parole after serving the minimum sentence. No time remains on the minimum sentence, and 9 years remain on the maximum sentence. After 2 years on parole, the offender commits an act that gives rise to a new felony charge. The offender is immediately arrested and jailed. At that time, the offender has 7 years remaining to serve on the maximum sentence.
The offender then spends 1 year in jail awaiting trial, conviction, and sentencing on the new offense. Accordingly, on the sentencing date, 6 years remain to be served on the original maximum term.
The offender receives a 7- to 15-year term of imprisonment for the new offense. Under MCL 791.234(3), the DOC calculates the new parole-eligibility date by adding the new minimum term (7 years) and the minimum term of his original sentence (1 year). His new minimum term is 8 years. The DOC calculates the new maximum discharge date by adding the new maximum sentence (15 years) to the original maximum sentence (10 years). Thus, the offender’s new maximum sentence is 25 years.[17]
*600 The key question is how much time has the offender served toward this newly calculated 8- to 25-year term by the time the DOC calculates it? I conclude that under a plain reading of MCL 791.234(3), the offender has served 4 years of that sentence: 1 in prison on the original offense, 2 on parole, and 1 while incarcerated awaiting trial for the new offense. Therefore, in the hypothetical example, the offender is eligible for parole 4 years after sentencing for the new offense.
THE JAIL CREDIT STATUTE
MCL 769.11b provides:
Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.
I agree with the majority that this statute does not apply to parolees who offended again and spend time in jail awaiting disposition of the new charges against them. But my rationale is different. Because the time served in jail counts as “time served” on the aggregate minimum term calculated by the DOC, a parolee is not entitled to other credit for such time. If the parolee were to receive credit against the court’s sentence for the offense committed while on parole, the parolee would receive double credit for the same time. This Court has consistently rejected this outcome in other contexts.[18]
CONSTITUTIONAL ARGUMENTS
Members of this Court, including myself, have previously observed that the practices at issue appear to *601 arbitrarily treat similarly situated parolees differently, presenting potential violations of those individuals’ constitutional rights.[19] As the majority correctly observes, defendant here does not specifically challenge the practices of the DOC but argues that the judicial practice of denying jail credit to parolees is unconstitutional. Because I conclude that MCL 791.234(3) requires time served in jail under these circumstances to count toward a defendant’s new minimum sentence, I need not reach defendant’s constitutional arguments.
Because a majority of the Court rejects my reading of the statutes, however, I am compelled in dissenting to remark on the possible constitutional violation presented by the current scheme. The current treatment of parolees’ time served is, in my view, so irrational and arbitrary as to risk failing constitutional muster. Parolees who commit identical crimes and who receive identical sentences may serve vastly different sentences solely on the basis of the date of sentencing. The date sentencing occurs is influenced by factors outside the parolee’s control, including docket congestion, a judge’s illness or vacation time, or the prosecutor’s speed in pursuing the case. The current system allows these factors to determine how much time served is credited against a convict’s sentences, and it results in disparate treatment.
Equally troubling are circumstances where there is a disparity in sentencing dates because a parolee exercises his or her constitutional right to a trial on his or her second offense. The majority is correct that “ ‘there is no per se rule against encouraging guilty pleas’... .”[20] However, I submit that the current practice of applying *602 time served may be unconstitutional because the disparate treatment and resulting promotion of guilty pleas is “ ‘needless.’ ”[21]
Finally, I take note that courts have expressed objections to the present practice for almost 20 years,[22] yet neither the Legislature nor the DOC has addressed it. I would not allow their failure to grasp the nettle to prevent us from finally doing so today.
CONCLUSION
I agree with the majority that MCL 769.11b does not apply to parolees held in prison on new criminal charges. However, I reach this conclusion because time served in jail awaiting disposition of new charges should be considered time served toward a defendant’s aggregate minimum term under MCL 791.234(3). Finally, I am concerned that the existing application of the statutory scheme to prisoners who offend again while on parole is unconstitutional.
Therefore, I would direct the Parole Board to recalculate defendant’s parole eligibility date using the analysis herein.
CAVANAGH, J., concurred with KELLY, C.J.

 MCL 791.234 determines when the Parole Board acquires jurisdiction to parole a prisoner serving consecutive indeterminate sentences.

 All analyses of MCL 791.234(3) in this opinion apply with equal force to MCL 791.234(4), which concerns prisoners subject to disciplinary time. The two subsections are identical with respect to when the parole board has jurisdiction and the calculation of a new maximum term. MCL 791.234(3) merely alters the calculation to account for good time or disciplinary credits, which are not available for prisoners subject to disciplinary time under MCL 791.234(4).

 This conclusion is based on common sense. Until the minimum terms of a parolee’s consecutive sentences are combined, the Parole Board cannot know how much minimum time the parolee must serve before again becoming eligible for parole.

 Normally, a defendant’s minimum sentence has run when he or she is paroled.

 Wayne Co Prosecutor v Dep’t of Corrections, 451 Mich 569, 580; 548 NW2d 900 (1996) (emphasis in original).

 Id. at 581.

 Id. at 584.

 The DOC’s policy states that “[a] parolee convicted of a felony while on parole who receives a new sentence to he served with the Department shall be found to have violated parole based on that new conviction and sentence. A parole revocation hearing is not required.” MDOC Policy Directive 06.06.100, § T, effective February 26, 2007. The policy does not address the issue of how much additional time must be served in prison for the parole violation.

 This policy directly contravenes MCL 791.234(3) as well as the statement from Wayne Co Prosecutor that consecutive sentences begin running when the total of the minimum sentences imposed for prior offenses has been served. See my previous discussion of Wayne Co Prosecutor.

 Warda v Flushing City Council, 472 Mich 326; 696 NW2d 671 (2005). There, the majority held that discretionary decisions made by legislative and executive agencies are unreviewable by the courts. However, the Warda majority also noted that “[wjhere decision-making falls outside the scope of such discretion, such decision-making would be fully subject to judicial review.” Id. at 333 n 3.

 See the constitutional arguments section later in this opinion.

 In Wayne Co Prosecutor, this Court rejected the argument that Michigan’s consecutive sentencing scheme requires offenders to serve the entire maximum sentence of their original offense before beginning a new minimum sentence. Wayne Co Prosecutor, supra at 579-584.

 The majority's observation that the word “imposed” is written in the past tense does not undercut my conclusion. The timing of the Parole Board’s determinations is the focal point. Because time served is calculated after a prisoner’s minimum terms are added together, the prisoner’s time spent on parole is time served on the sentence “imposed” — past tense — by the court.

 While vigorously and repeatedly protesting that “the plain language of MCL 791.238(6)” does not allow such a result, the majority provides scant support for why this is so. Indeed, its sole basis for this conclusion is that my interpretation would contravene consecutive sentencing. As explained earlier in this opinion, I disagree that my approach contravenes consecutive sentencing.

 The majority advances one additional reason why my opinion is contrary to the plain language of MCL 791.238(6). Apparently, the majority would require that a statute affirmatively state that a prisoner may be credited for time served before the sentencing offense was committed. Otherwise, that result cannot he a feasible interpretation. Ante at 577-578 & n 25.1 reject the notion that absent statutory language stating “a prisoner may be credited for time served before the sentencing offense was committed,” one cannot discern such an interpretation. As noted, an analysis of the applicable statutes in context with one another supports such an interpretation. Moreover, MCL 791.238(6) specifically does provide, without limitation, that prisoners on parole are “serving out the sentence imposed by the court....”
The majority’s limitation on MCL 791.238(6) never gives effect to the timing of the Parole Board’s calculation of time served. Nor does the majority squarely address that when read together, MCL 791.234 and MCL 791.238(6) require that all time served count as time served toward a prisoner’s added minimum terms.

 Ante at 576, 580; post at 622 n 9.

 All the parties agree that it is the court that sets the terms of the respective judgments of sentence that the DOC uses to determine the new minimum and maximum terms.

 See, e.g., People v Patterson, 392 Mich 83; 219 NW2d 31 (1974).

 People v Wright, 474 Mich 1138 (2006) (Markman, J., dissenting); People v Conway, 474 Mich 1140 (2006) (Kelly, J., dissenting).

 Ante at 572-573, quoting Corbitt v New Jersey, 439 US 212, 218-219; 99 S Ct 492; 58 L Ed 2d 466 (1978).

 Corbitt, supra at 219 n 9.

 See, e.g., People v Watts, 186 Mich App 686, 691 n 4; 464 NW2d 715 (1991) (“[T]his inequitable situation could be resolved in a number of ways .... For that matter, a strict reading of MCL 791.234(2); MSA 28.2304(2) could be applied, the two minimum terms added together, and the parole date calculated accordingly. . .. [W]hile we urge the Legislature to address this issue, we decline to do so ourselves.”). Justice Weaver was on the Court of Appeals panel that decided Watts.