*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

UNPUBLISHED
June 20, 2019

v

WILBERT BUSH,

No. 341328
Wayne Circuit Court
LC No. 17-007854-01-AR

Defendant-Appellee.

Before: MURRAY, C.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the circuit court's order affirming the district court's grant of defendant's motion to dismiss, denial of the prosecution's motion to compel a witness to testify, and denial of the prosecution's motion to hold the witness in contempt.[2] We reverse and remand.

The prosecution argues that the trial court abused its discretion by refusing to hold the complaining witness, Keyaun Brown, in contempt for his refusal to testify at defendant's preliminary examination. We agree.

## I. BACKGROUND

Brown was the victim of the underlying assault in this case. He appeared at the preliminary examination, took the witness stand and was placed under oath. After providing his name, however, Brown refused to testify further or respond to further questions. The prosecutor

---

[1] *People v Bush*, unpublished order of the Court of Appeals, entered May 7, 2018 (Docket No. 341328).

[2] Defendant was charged with intent to do great bodily harm less than murder, MCL 750.84, carrying a concealed weapon, MCL 750.227, carrying a dangerous weapon with unlawful intent, MCL 750.226, possession of a firearm by a felon, MCL 750.224f, and three counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.

offered Brown immunity in exchange for his testimony and the trial judge ordered Brown to answer the prosecutor's questions. Despite these efforts, Brown refused to testify. In response, the trial judge stated, "[t]he witness has complied with the investigatory subpoena. He has appeared at multiple hearings. He has expressed at multiple hearings he does not wish to proceed and does not wish to testify. I'm not holding the witness in contempt because he does not wish to testify." The trial judge then excused Brown and the prosecutor indicated that she did not have any other evidence to offer. The trial judge stated:

> Well, the position of the Court, madame prosecutor, is that the witness was required to be here. The witness does not wish to testify and the witness is the alleged victim and I'm not going to treat the victim as if he is a defendant or has done something wrong.
>
> He is [sic] one that was injured in this case, and I'm not going to treat him as if he has done something to violate the law other than being a victim.

Defense counsel moved to dismiss the charges against the defendant and the court granted the motion. This appeal followed.

## II. STANDARD

This Court reviews a decision regarding whether to hold a witness in contempt for an abuse of discretion. *People v Kammeraad*, 307 Mich App 98, 146; 858 NW2d 490 (2014). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *People v Buie*, 491 Mich 294, 320; 817 NW2d 33 (2012). An abuse of discretion also occurs when "a trial court premises its decision on an error of law. The interpretation of a statute or court rule . . . involves a question of law that we review de novo." *People v Parker*, 319 Mich App 664, 669; 903 NW2d 405 (2017) (internal citation omitted). Additionally, if the plain and ordinary meaning of a statute or court rule is clear, judicial construction is not necessary. *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999); *People v Howell*, 300 Mich App 638, 645; 834 NW2d 923 (2013).

## III. ANALYSIS

MCL 600.1701(a) provides that "[t]he supreme court, circuit court, and all other courts of record, have power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct in" cases of "[d]isorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence, and directly tending to interrupt its proceedings or impair the respect due to its authority." "When any contempt is committed in the immediate view and presence of the court, the court may punish it summarily by fine, or imprisonment, or both." MCL 600.1711(1); *Kammeraad*, 307 Mich App at 147 (quoting MCL 600.1711(1)). "Contempt of court is defined as a willful act, omission, or statement that tends to . . . impede the functioning of a court." *In re Contempt of Dudzinski*, 257 Mich App 96, 108; 667 NW2d 68 (2003) (citation and quotation marks omitted; alteration in original).

Under MCR 2.506(E),

(1) If a person fails to comply with a subpoena served in accordance with this rule or with a notice under subrule (C)(2), the failure may be considered a contempt of court by the court in which the action is pending.

(2) If a person refuses to be sworn or to testify regarding a matter not privileged after being ordered to do so by the court, the refusal may be considered a contempt of court.

A witness that properly invokes his privilege against self-incrimination will not be found in contempt. *In re Grand Jury Proceedings No 93,164*, 384 Mich 24, 31-32; 179 NW2d 383 (1970); *People v Paasche*, 207 Mich App 698, 709; 525 NW2d 914 (1994). "A witness who asserts a Fifth Amendment privilege is unavailable to testify for purposes of MRE 804(a)." *People v Meredith*, 459 Mich 62, 65-66; 586 NW2d 538 (1998); *People v Burgess*, 96 Mich App 390, 401; 292 NW2d 209 (1980).

The subpoena power is related to, but separate from, the contempt power and can be used to make a witness available to testify. MCR 2.506(A)(1) states:

The court in which a matter is pending may by order or subpoena command a party or witness to appear for the purpose of testifying in open court on a date and time certain and from time to time and day to day thereafter until excused by the court, and to produce notes, records, documents, photographs, or other portable tangible things as specified.

MCR 2.506(A)(1) only states that a witness must "appear for the purpose of testifying in open court." It does not state that a witness must answer any specific questions. Under MCR 2.506(E)(1), failure to comply with a subpoena may be considered contempt of court. A trial court has the power to compel a witness to answer questions that do not call for privileged information under MCR 2.506(E)(2). The language of MCR 2.506(E)(2) is permissive however, using the word "may," rather than the mandatory "shall" when addressing the power of a judge to find a witness in contempt of court who has refused to testify. See MCR 2.506(E)(2); *Buie*, 491 Mich at 319-320 quoting *Warda v Flushing City Council*, 472 Mich 326, 332; 696 NW2d 671 (2005) ("The use of the word 'may' makes clear that the decision is 'a matter left to the discretion of the trial court[.]' "). Given the plain language of MCR 2.506(A)(1) and (E)(2), a subpoena under MCR 2.506(A)(1) does not require a witness to testify, it only requires that the witness appear for the purpose of testifying.[3] If a trial court wishes to compel testimony to specific questions from a witness, it has the power to do so through MCR 2.506(E)(2), not MCR 2.506(A)(1). When a trial court has "a legitimate need to compel the testimony" of a witness it may exercise its discretion to "properly exercise its power to hold the reluctant witness in contempt until he answers." *People v Antkoviak*, 242 Mich App 424, 470; 619 NW2d 18 (2000).

---

[3] A court may altogether excuse a witness's compliance with a subpoena for good cause with or without a hearing. See MCR 2.506(H)(3). "Good cause" simply means a "satisfactory," "sound or valid" "reason[.]" *Buie*, 491 Mich at 319.

"Review of a discretionary decision requires that the trial court set forth the reasons underlying its decision." *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016). Here, Brown was subpoenaed to appear at the preliminary examination. He appeared and submitted himself to an oath. Thus he complied with the MCR 2.506(A)(1) subpoena. However, after appearing, being offered immunity, and directed by the court to answer questions, he declined to testify. This refusal, if found willful, clearly impedes the operation of the court. Brown's arguably contumacious behavior subjected him to the court's exercise of its contempt power. Brown refused to answer the prosecutor's questions and to comply with the trial judge's order. He undoubtedly interrupted the preliminary examination and the functioning of the court. *Dudzinski*, 257 Mich App at 108. The prosecutor asserted that without Brown's testimony, the prosecution could not go forward to meet its burden of proof at the examination. While the trial judge had the authority and multiple grounds to hold Brown in contempt, he simply stated that he did not want to punish Brown, because of his status as the victim. Victimhood however is not a legal excuse justifying the refusal to testify. Thus if the court ruling was based on that erroneous position, it was a legal error. At a hearing, the trial court may well find that there are facts, including victim status, that render Brown's conduct outside of the definition of contempt. Further, the court may determine that even if the conduct is contemptuous, no punishment is warranted. MCL 600.1711(1); MCR 2.506(E). However, the court made no findings of fact. As such, the trial judge abused his discretion. Consistent with due process rights, a contempt hearing should be convened at which the court shall make findings of fact, determine whether Brown committed contempt, and what, if any, punishment shall ensue.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro

-4-